THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. INNOCENZO MONTELEONE, Appellant.

Second Department, June 3, 1968.

*Alice Daniel* and *Anthony F. Marra* for appellant.

*Aaron E. Koota, District Attorney* (*William I. Siegel* of counsel), for respondent.

CHRIST, J. The sole question on this appeal is whether subdivision 3 of section 5.05 of the new Penal Law (L. 1965, ch. 1030, eff. Sept. 1, 1967), which provides for continued application of the former Penal Law (L. 1909, ch. 88) to offenses committed prior to September 1, 1967, including sentences to be imposed, also applies to the imposition of sentences under article 7-A of the Correction Law, which was repealed by chapter 324 of the Laws of 1967, effective September 1, 1967.

On July 10, 1967, the defendant pleaded guilty to carnal abuse of a child over 10 years of age and under 16 as a misdemeanor (Penal Law [1909], § 483-b). That crime is punishable, as stated in the cited section, " by fine of not more than five hundred dollars or imprisonment for not more than one year ". On October 17, 1967, he was sentenced to an indefinite term in the New York City Penitentiary (an authorized alternative sen-

tence [*People ex. rel. Kern* v. *Silberglitt,* 4 N Y 2d 59, 61]) which, under subdivision (b) of section 203 of article 7-A of the Correction Law, could not exceed three years. The sentence was invalid unless the seemingly absolute repeal of article 7-A did not extend to offenses committed prior to September 1, 1967 by virtue of section 5.05 of the new Penal Law.

The purpose of section 5.05 is obvious. Since the former Penal Law was repealed as of the effective date of the new Penal Law (§ 500.05), it was necessary to make some provision to govern offenses committed prior to such effective date. Thus, subdivision 3 of section 5.05 of the new Penal Law provides: '' The provisions of this chapter do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this chapter  *  *  *. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this chapter had not been enacted.''

However, this section has no relevance to the repeal of article 7-A, since the section applies only to those laws which were repealed by the new Penal Law itself. Article 7-A was not repealed by the new Penal Law in 1965 but two years later as part of an extensive revision of the Correction Law (L. 1967, ch. 324, § 6).

Further support for this conclusion was provided by the Court of Appeals in 1966, when it criticized the misuse of this article by some trial courts and wrote: '' This whole matter of sentencing under article 7-A of the Correction Law is and has been unsatisfactory. It should have the attention of the Legislature'' (*People* v. *Wilson,* 17 N Y 2d 40, 45). Surely, the Court of Appeals would not have called for legislative action to remedy defects if it had not considered article 7-A unaffected by the 1965 enactment of the new Penal Law with its *in futuro* repeal of the former Penal Law. The following year, the Legislature heeded the court's call and summarily repealed article 7-A. Therefore, we may conclude that its absolute repeal, without an exception for offenses committed prior to September 1, 1967, was intended to preclude imposition of an indefinite sentence after such date irrespective of the date the underlying offense was committed.

Indeed this conclusion is fortified by an examination of sections 7 to 13, inclusive, of the repealing statute (L. 1967, ch. 324). Sections 7 to 12, inclusive, transferred the functions and powers of the city parole commissions operating under article 7-A to the State Board of Parole. Section 13 deals with the State's obligation under section 203-a of article 7-A to reim-

burse cities for a portion of the confinement costs of persons sentenced under that article. It provides that, notwithstanding the repeal of article 7-A, this reimbursement obligation of the State shall continue as to persons sentenced under the article "prior to the effective date" of the repeal. Obviously, the reason for thus limiting the continuance of this liability is that the repeal made it impossible for sentences under article 7-A to be imposed after the effective date of the repeal.

Nor do the general savings clauses contained in sections 93 and 94 of the General Construction Law compel a different result. Section 93 declares: "The repeal of a statute * * * shall not affect or impair any act done, offense committed or * * * penalty * * * or punishment incurred prior to the time such repeal takes effect"; and section 94 declares that all actions and proceedings commenced under a statute and pending when the statute is repealed "may be prosecuted * * * to final effect in the same manner as they might if * * * [the statute] were not so repealed." However, as the Court of Appeals has stated in *People* v. *Oliver* (1 N Y 2d 152, 159), these sections "are not to be applied when the 'general object' of the statute, 'or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended.'" Here, a contrary intent being apparent, these general statutory principles of construction must fall.

Since article 7-A was effectively repealed prior to the date of sentencing herein, the trial court erred in imposing sentence thereunder. The defendant should properly have been sentenced under the former Penal Law, and specifically under section 483-b thereof, which was still applicable by virtue of the afore-mentioned subdivision 3 of section 5.05 of the new Penal Law. However, inasmuch as the defendant has already been incarcerated for one year and the maximum sentence he could receive on remand would be one year, we deem it proper to simply amend the sentence to the time served and thereby avoid the necessity of a remand.

BELDOCK, P. J., BRENNAN, HOPKINS and BENJAMIN, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered October 17, 1967, modified, on the law and the facts, so as to provide that the sentence is amended from imprisonment "in the New York City Penitentiary" to the time served. As so modified, judgment affirmed.