**In the Matter of the ESTATE of Minnie A. HOOVER, Deceased.**

**IOWA DEPARTMENT OF SOCIAL SERVICES, Claimant, Appellee,**

v.

**John S. REDD, Administrator of the Estate of Minnie A. Hoover, Deceased, Appellant.**

**No. 2–57740.**

Supreme Court of Iowa.

March 16, 1977.

John S. Redd, of Getscher, Redd & Getscher, Hamburg, for appellant.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Special Asst. Atty. Gen., and Michael P. Murphy, Asst. Atty. Gen., for appellee.

Heard by MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

Administrator Redd appeals from trial court's allowance of a Department of Social Services claim, filed in the Minnie A. Hoover estate, for old age assistance and medical assistance furnished decedent and her predeceased spouse.

The events which bring this appeal here are set out in an agreed record submitted pursuant to rule 340(d), Rules of Civil Procedure.

Over a period of years the department advanced $18,389.17 as old age assistance to Minnie Hoover and her husband Elmer, and $8,470.31 in medical assistance to Minnie, who died February 23, 1973.

June 11, 1973, the department filed a claim in Minnie's estate. The amount advanced for old age assistance was claimed under § 249.19, The Code, 1973:

> "249.19 *Deduction from estate.* On the death of a person receiving or who has received assistance under this chapter or of the survivor of a married couple, either or both of whom were so assisted, the total amount paid as assistance, shall be allowed as a lien against the real estate in the estate of the decedent and as a claim of the sixth class against the personal estate of such decedent, in the event the estate is admitted to probate. * * *"

The amount advanced for medical assistance was claimed under § 249A.6, The Code, 1973:

> "249A.6 *Claims against estate.* On the death of a person receiving or who has received assistance under this chapter, and of the survivor of a married couple, either or both of whom were so assisted and during which time such recipient was sixty-five years of age or older, the total amount paid as assistance to either shall be allowed as a claim of the sixth class against the estate of such decedent or the surviving spouse. * * *"

However, before the department's probate claim had been acted upon, § 249.19 was repealed by Ch. 186, § 1, 65th G.A. (1973) effective January 1, 1974, and § 249A.6 was repealed by Ch. 1165, § 6, 65th G.A. (1974) effective May 21, 1974.

June 5, 1974, the administrator requested hearing on the department's claim. By its September 27, 1974 ruling, trial court found repeal of the above sections did not void department's claims for old age assistance and medical assistance.

The administrator appeals. We affirm in part, reverse in part, and remand.

I. After this appeal was taken, the legislature amended § 249.10, The Code (which was enacted as part of Ch. 186, 65th G.A. [1973]) to render void claims as well as liens against decedents' estates for old age assistance under former § 249.19. See Ch. 149, 66th G.A. (1975). The department now concedes this issue, leaving before us only the question of the validity of its claims for medical assistance.

II. We thus examine the remaining issue whether the department's claim filed for recovery of medical assistance was voided by repeal of § 249A.6 prior to allowance or disallowance of the claim.

The repealing statute, Ch. 1165, § 6, 65th G.A. (1974) simply provided, "Section two hundred forty-nine A point six (249A.6), Code 1973, is repealed."

Under the general rule, when a law is repealed the rescinded act is operationally deemed never to have existed. *Buchhop v. General Growth Properties,* 235 N.W.2d 301, 304 (Iowa 1975); 1A Sutherland on Statutory Construction § 23.33, at 279 (Sands 3d ed. 1972); 82 C.J.S. Statutes § 439.a, at 1012 (1953).

There are several exceptions to this principle. These include a reenactment of the statute in substantially the same terms or existence of a savings clause or general statute limiting the effect of such repeal. See *Garrison v. Garrison,* 179 N.W.2d 466, 468 (Iowa 1970). Another exception protects rights which have become vested or accrued while the statute was in force. See

*Leach v. Commercial Sav. Bank,* 205 Iowa 1154, 1165–1167, 213 N.W. 517, 522 (1927); 16 Am.Jur.2d Constitutional Law § 421, at 760–762 (1964); 82 C.J.S. Statutes § 435, at 1010 (1953).

Obviously, the statute repealing § 249A.6 did not include a savings clause. But at all times relevant here, the Iowa code contained a general saving statute:

"§ 4.1 Rules

\*   \*   \*   \*   \*   \*

1. *Repeal—effect of.* The repeal of a statute does not \* \* \* affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

Similar provisions are incorporated in the following Iowa statute:

§ 4.13 *General savings provision.* The reenactment, revision, amendment, or repeal of a statute does not affect: 1. The prior operation of the statute or any prior action taken thereunder; 2. Any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

\*   \*   \*."

■ Both of the above statutes save accrued rights and commenced proceedings. "Accrue," with reference to a cause of action, was defined by the Oregon supreme court in *Berry v. Branner,* 245 Ore. 307, 312, 421 P.2d 996, 998 (1966) to mean "when an action may be maintained thereon." In *Blacketer v. State,* 485 P.2d 1069, 1070 (Okla.Ct.Cr.App.1971) an "accrued" right was defined as "a matured cause of action or legal authority to demand redress."

In this case the right to allowance of a claim of the sixth class against a decedent's estate, for medical assistance furnished, accrued to the department "on the death of a person receiving or who has received assistance under this chapter." § 249A.6, The Code, 1973. Furthermore, when the department filed its claim, the proceeding had been commenced. See *Wolder v. Rahm,* 249 N.W.2d 630 (Iowa 1977).

■ We hold the department's § 249A.6 claim was a right accrued and a proceeding commenced within the language of §§ 4.1(1) and 4.13(2), The Code, and saved by the operation of those statutes.

■ But the administrator argues the legislature meant to repeal § 249A.6 retroactively in much the same manner as it repealed § 249.19. However, in § 249.10 as amended by Ch. 149, 66th G.A. (1975), the general assembly expressly repealed § 249.-19 retroactively by making it applicable to all claims then unsatisfied. The legislature's amendment to § 249.10 demonstrates it knew how to repeal retroactively. We must assume they intended to repeal § 249A.6 in a different manner. Cf. § 4.5, The Code, "A statute is presumed to be prospective in its operation unless expressly made retrospective."

The department's medical assistance claim had accrued and was saved by §§ 4.1(1) and 4.13, The Code. Trial court's order allowing the medical assistance claim must be upheld. Because of the legislation subsequent to trial court's ruling, it is reversed insofar as it allowed the claim for old age assistance. Upon remand the ruling should be modified accordingly.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.