WOMEN AWARE, an Iowa Corporation; Washington Rights Advocacy Group, an Iowa Corporation; Tipton Advocacy Group, an Association; Nancy Good; and Kathy Humphrey, Individually and on behalf of all others similarly situated, Appellants,

v.

Michael V. REAGEN, Individually and in his official capacity as Commissioner, Iowa Department of Social Services; and Iowa Department of Social Services, a state agency, Appellees.

No. 67743.

Supreme Court of Iowa.

March 16, 1983.

Martin Ozga, Legal Services Corp. of Iowa, Des Moines, and James Elliott, Legal Services Corp. of Iowa, Ottumwa, for appellants.

Thomas J. Miller, Atty. Gen., John G. Black and Gordon E. Allen, Sp. Asst. Attys. Gen., and Candy Morgan, Asst. Atty. Gen., for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and CARTER, JJ.

REYNOLDSON, Chief Justice.

Petitioners sought judicial review of a refusal by respondents Department of Social Services (DSS) and its director, Dr. Michael V. Reagen, to issue a declaratory ruling on petitioners' entitlement to an increase in aid to dependent children (ADC) payments. Because we find legislative interim action bars recovery by petitioners, we affirm district court's dismissal of the petition, and affirm on a cross-appeal.

In 1979 the General Assembly enacted legislation expressing intent that a six percent increase in ADC benefits be paid commencing October 1, 1980. Pursuant to the act, DSS published notice on August 6, 1980, of intended rule-making on ADC benefit levels. Later that month, however, then-Governor Robert D. Ray directed a uniform reduction of 3.6% in state budget allotments for the last three quarters of fiscal year 1981 in order to avoid a state budget deficit.[1] A further reduction of one percent was directed in December 1980 to commence with the third quarter of the fiscal year. In response to the reduction of its appropriated funds, the DSS Council on Social Services voted to defer indefinitely the October 1, 1980, six percent ADC benefit increase, and terminated rule-making.

Petitioner Women Aware, an Iowa non-profit corporation comprised of single mothers receiving ADC payments, and other organizations and individuals no longer parties to this action, sought an Iowa Code section 17A.9 declaratory ruling by DSS that its deferral of the benefit increase was ultra vires, and that the scheduled increase be implemented. The agency declined to rule on the petition, finding it failed to comply with departmental rules and failed to show petitioners had standing to challenge deferral of the benefit increase.

---

1. Iowa Code section 8.31 (1979) granted the governor with concurrence of the executive council, authority to modify quarterly budget allotments to the extent necessary to avoid deficits in state funds at the close of the fiscal year.

October 14, 1980, Women Aware and a different group of persons and organizations, petitioners here, sought judicial review of the agency refusal to rule. Petitioners claimed the DSS deferral violated the distribution of powers provision of Iowa Constitution, article III, section 1, and was ultra vires, unreasonable, arbitrary, and capricious. District court affirmed the agency refusal to rule. It found the statutory language providing the benefit increase merely precatory. The court held the agency deferral was reasonable, rational, and within the scope of its authority. It further ruled that an amendment of the 1979 act terminated any rights petitioners had to the increase in benefits.

In this court the parties have joined issue on the scope of district court's review, DSS authority to defer the benefit increase, effect of the legislature's subsequent amendment, and the propriety of district court's evidentiary rulings. We find it necessary to resolve but one of the issues presented.

 The agency's refusal to rule on the petition for declaratory ruling was a final action, exhausted petitioners' administrative remedies, and is subject to review. *Public Employment Relations Board v. Stohr,* 279 N.W.2d 286, 289 (Iowa 1979). The scope of that review is circumscribed by Iowa Code sections 17A.19 and .20. District court exercised appellate review, *Stohr,* 279 N.W.2d at 290, and was entitled to alter or grant relief from the agency action upon those grounds specified in section 17A.19(8). *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 165 (Iowa 1982). Our duty is to correct errors of law made by the district court. *Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 282 (Iowa 1982); *Foods, Inc.,* 318 N.W.2d at 164–65. We apply the standards of section 17A.19(8) to the agency action, to determine whether our conclusions comport with those of the district court. *Foods, Inc.,* 318 N.W.2d at 165; *Jackson County Public Hos-*

*pital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979).

## I. *Effect of Legislative Repeal.*

The statutory provision upon which petitioners base their entitlement to increased benefits was enacted by the legislature in 1979, as part of a two-year appropriation for DSS:

> It is the intent of the general assembly that the schedule of living costs and the payment for persons on the aid to dependent children program shall be increased for all family sizes by six percent commencing October 1, 1979 and by an additional six percent commencing October 1, 1980.

1979 Iowa Acts ch. 8, § 10(1). After petitioners sought judicial review, the legislature amended this provision as follows:

> It is the intent of the general assembly that the schedule of living costs and the payment for persons on the aid to dependent children program shall be increased for all family sizes by six percent commencing October 1, 1979 ~~and by an additional six percent commencing October 1, 1980~~ and that the schedule of basic needs as provided in the Iowa administrative code 770–41.8(2) as published on June 25, 1980, shall remain in effect for the fiscal year ending June 30, 1981.

1981 Iowa Acts ch. 80, § 1. The amendment expressly was made retroactive to October 1, 1980, the date ADC payments would have increased. 1981 Iowa Acts ch. 80, §§ 5–6.[2] In district court respondents moved for summary judgment, claiming the 1981 amendment mooted the controversy. The court overruled the motion, but ultimately held on the merits that the 1981 amendment extinguished petitioners' claims.

Cross-appealing, respondents renew their argument the case is moot, and allege dis-

---

**2.** Section 5 of 1981 Iowa Acts chapter 80 provides, "Sections 1 and 2 of this Act are effective October 1, 1980." Section 6 states, "If the effective date of any provision in sections 1 through 5 of this Act precedes the effective date of this Act, the provision is retroactive to the date specified in sections 1 through 5 of this Act."

trict court erred in refusing to enter summary judgment.[3] Petitioners concede the 1981 amendment prospectively bars entitlement to increased ADC benefits. They narrow their claim to the increase payable from October 1, 1980, to the date the 1981 amendment was enacted, arguing they had initiated proceedings and accrued vested rights the amendment could not extinguish.

 Where, as here, an amending act rewrites a statute "to read as follows," provisions of the original statute not carried forward into the new enactment are deemed repealed. *State v. Garland,* 250 Iowa 428, 431, 94 N.W.2d 122, 124 (1959); 82 C.J.S. *Statutes* § 294, at 503 (1953). The general rule is that absent a savings clause, repeal of a statute renders the rescinded act as if it never existed. *In re Estate of Hoover,* 251 N.W.2d 529, 530 (Iowa 1977); *Buchhop v. General Growth Properties and General Growth Management Corp.,* 235 N.W.2d 301, 304 (Iowa 1975); 1A C. Sands, *Sutherland Statutory Construction* § 23.33, at 279 (4th ed. 1972). This rule is subject to exception where a savings clause or general savings statute limiting the effect of a repeal is applicable. *In re Estate of Hoover,* 251 N.W.2d at 530; 1A C. Sands, *supra,* at § 23.37, at 286.

Petitioners' argument their claim to increased benefits survived repeal is based on two sections of our statutory rules of construction.[4]

Repeal—effect of. The repeal of a statute, after it becomes effective, does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed.

Iowa Code § 4.1(1) (1981).

The re-enactment, revision, amendment, or repeal of a statute does not affect:

1. The prior operation of the statute or any prior action taken thereunder;

2. Any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

3. Any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal; or

4. Any investigation, proceeding, or remedy in respect of any privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

If the penalty, forfeiture, or punishment for any offense is reduced by a re-enactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended.

Iowa Code § 4.13 (1981).

 We find these statutes are not controlling in this instance. Section 4.1(1) does not apply where invocation would be inconsistent with legislative intent or repugnant to the statutory context. Iowa Code § 4.1 (1981). Further, both these savings statutes merely declare a continuing legislative policy against release of accrued liabilities

---

**3.** We held in *Young Plumbing and Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d 377, 381 (Iowa 1979), that a summary judgment motion is inappropriate in review of a contested case under chapter 17A. "Rulings disposing of petitions [for declaratory ruling] have the same status as agency decisions or orders in contested cases." Iowa Code § 17A.9 (1981). Because the legislature's interim action moots remaining issues in any event, we find it unnecessary to decide whether a summary judgment motion was appropriate here, and if not, whether district court should have treated it in substance as a motion to dismiss on the merits for mootness. *See generally Wisconsin's Environmental Decade, Inc. v. Public Service Commission,* 79 Wis.2d 161, 169–72, 255 N.W.2d 917, 923–24 (1977).

**4.** Petitioners raise no claim retroactive application of the repeal *unconstitutionally* deprives them of vested or accrued rights.

or extinguishment of accrued rights. They do not apply where a repealing statute expressly or by clear implication provides the contrary. *People ex rel. Eitel v. Lindheimer,* 371 Ill. 367, 376, 21 N.E.2d 318, 322, *appeal dismissed sub nom. People ex rel. Eitel v. Toman,* 308 U.S. 505, 60 S.Ct. 111, 84 L.Ed. 432 (1939); *People v. Monteleone,* 30 A.D.2d 158, 161, 290 N.Y.S.2d 823, 826 (1968); *State v. Lewis,* 91 R.I. 110, 114, 161 A.2d 209, 212–13 (1960); 1A C. Sands, *supra,* at § 23.37 n. 3; 73 Am.Jur.2d *Statutes* § 386, at 507 (1974); 82 C.J.S. *Statutes* § 440, at 1015; *see State v. Bousman,* 278 N.W.2d 15, 16–17 (Iowa 1979) (provisions in new criminal code governing its applicability control over section 4.13); *In re Estate of Hoover,* 251 N.W.2d at 531 (DSS claim against estate for old age assistance paid decedent was not saved where repealing statute expressly was retroactive).

Here the legislature not only rendered its repeal of the original authorizing statute retroactive, 1981 Iowa Acts ch. 80, §§ 5–6, but expressly provided that the DSS schedule of needs published June 25, 1980, would remain in effect throughout the remainder of fiscal year 1981. 1981 Iowa Acts ch. 80, § 1. We hold the retroactive repeal bars petitioners' claims to the increase in benefits originally scheduled for implementation October 1, 1980.

II. *Mootness.*

A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent. *Hamilton v. City of Urbandale,* 291 N.W.2d 15, 17 (Iowa 1980); *State ex rel. Turner v. Buechele,* 236 N.W.2d 322, 324 (Iowa 1975). Our test is whether an opinion would be of force and effect with regard to the underlying controversy. *Wederath v. Brant,* 287 N.W.2d 591, 595 (Iowa 1980); *State ex rel. Turner v. Buechele,* 236 N.W.2d at 324.

The declaratory ruling procedure under section 17A.9 permits persons to seek formal opinions on the effect of future transactions and arrange their affairs accordingly. A. Bonfield, *The Iowa Adminis-trative Procedure Act: Background, Construction, Applicability, Public Access To Agency Law, The Rulemaking Process,* 60 Iowa L.Rev. 731, 807 (1975). Section 17A.9 contemplates rulings based on purely hypothetical facts, and renders them subject to review. *City of Des Moines v. Public Employment Relations Board,* 275 N.W.2d 753, 758 (Iowa 1979). In *City of Des Moines,* we questioned whether the mootness doctrine should be applied on review of agency declaratory rulings involving hypothetical facts. We said that the nature and importance of questions decided under section 17A.9 ordinarily would justify review. 275 N.W.2d at 758–59. Where, as here, however, the proponent of the ruling request proceeds not on hypothetical facts structured to aid in planning future conduct, but on past actions in order to establish their effect, we think the doctrine may be applied. Even an agency should have discretion to "abstain from ruling on the merits of a particular petition ... [where] the issue raised has been definitely settled by a change in circumstances or other means." A. Bonfield, *supra,* at 818. An agency declaratory ruling statute provides a mechanism for requesting an agency determination, rather than for challenging a determination already made. *Wisconsin Fertilizer Ass'n v. Karns,* 39 Wis.2d 95, 107, 158 N.W.2d 294, 300 (1968).

Nor do we find the underlying issue in this case sufficient to trigger our public interest exception to the mootness doctrine. The criteria for the exception include (1) the public nature of the question, (2) the desirability of authoritative adjudication for the guidance of public officials, and (3) the likelihood of recurrence of the same or a similar problem. *State ex rel. Turner v. Buechele,* 236 N.W.2d at 324. Although DSS declination to implement express legislative intent that ADC benefits be increased arguably is a matter of substantial public interest, warranting guidance for the agency and legislature, we think it is unlikely the situation will recur.

■ The legislature's retroactive repeal of the original statute providing for the benefit increase precludes recovery by petitioners and obviates any necessity to resolve the other issues raised. Ruling on them will not affect disposition of this appeal. We find the remaining issues are moot and accord them no further consideration. District court's dismissal of the action is affirmed. For the reasons stated, we also affirm on the cross-appeal.

AFFIRMED ON APPEAL; AFFIRMED ON CROSS–APPEAL.