Kevin Emmett WATTS, a/k/a Samuel James Montory, a/k/a Emmitt Kevin Watts, Plaintiff–Appellant,

v.

STATE of Iowa, Defendant–Appellee.

No. 89–343.

Court of Appeals of Iowa.

April 24, 1990.

Philip B. Mears of Mears, Zimmerman & Mears, Iowa City, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., and Connie Sue Ricklefs, County Atty., for defendant-appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Appellant Kevin Emmett Watts challenges the trial court's denial of his petition for writ of habeas corpus following Governor Branstad's December 5, 1988, execution of a warrant ordering Watts's extradition to Texas. On February 21, 1989, following denial of Watts's petition for writ of habeas corpus and the denial of his application for stay of extradition, Watts was delivered to Texas.

The State argues because Watts has now been extradited to Texas, the issues before us are moot. The State also argues the issues raised by Watts present no issues of substantial public interest and need not be addressed. We agree.

 Watts is in Texas. For Iowa to have jurisdiction to order that a writ of habeas corpus issue, it is necessary that the person for whom the writ is sought be in Iowa. Therefore, the judgment requested here would have no practical effect. The issue is moot. *See Women Aware v. Reagen*, 331 N.W.2d 88, 92 (Iowa 1983); *State v. Beyer*, 258 N.W.2d 353, 355 (Iowa 1977); *State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 324 (Iowa 1975). Courts generally do not consider an action if it no longer presents a justiciable controversy. *Iowa Freedom of Information Council v. Wifvat*, 328 N.W.2d 920, 922 (Iowa 1983). We do not find the issue one of public importance or the problem one likely to reoccur. *See Rodine v. Zoning Bd. of Adjustment*, 434 N.W.2d 124, 125 (Iowa App.1988).

APPEAL DISMISSED.