UPPER IOWA RIVER PRESERVATION ASSOCIATION, INC., Dale Reiser, Michael D. Ryan, Mark Sutton and Belva Smith, Appellants,

v.

IOWA NATURAL RESOURCE COMMISSION, Appellee.

No. 91–1864.

Supreme Court of Iowa.

March 24, 1993.

Kevin E. Schoeberl of Anderson, Story & Schoeberl, Cresco, for appellants.

Bonnie J. Campbell, Atty. Gen., and David R. Sheridan and Michael H. Smith, Asst. Attys. Gen., for appellee.

1. Chapter 108A has been recodified as Iowa Code chapter 462B (1993).

2. The Upper Iowa River Preservation Association, Inc., is a nonprofit corporation organized in approximately 1970 to resist designation of the Upper Iowa River as a Federal Wild and Scenic River. The Association works to main-

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

McGIVERIN, Chief Justice.

This controversy centers around the petitioners' objections to the respondent Iowa Natural Resource Commission's decisions to designate a portion of the Upper Iowa River as a protected water area and to adopt a management plan for the river under Iowa Code chapter 108A (1989). We affirm the district court's order dismissing the petition for judicial review and upholding the agency action.

I. *Background facts and proceedings.* On July 1, 1984, Iowa Code chapter 108A,[1] the Protected Water Area System Act, became effective. This program is supposed to help protect and preserve designated Iowa water areas. In July 1989, the Iowa Resource Enhancement and Protection Act (REAP) became effective, allocating funding to chapter 108A projects. Iowa Code § 455A.19.

Petitioners Dale Reiser, Michael D. Ryan, Mark Sutton and Belva Smith are also members of petitioner Upper Iowa River Preservation Association, Inc. (Association).[2] They object to the Upper Iowa River being designated a protected water area.

Shortly after REAP became effective, the Natural Resources Commission (commission)[3] nominated portions of rivers, including the Upper Iowa River in parts of Winneshiek and Allamakee counties, as protected water areas under chapter 108A. *See* Iowa Code § 108A.3.

After designating a sixty-four mile corridor of the Upper Iowa River running from Kendallville in Winneshiek county to highway 76 in Allamakee county as a prospective protected water area, commission staff scheduled the first of two public hearings

tain landowner control of the river and adjoining lands, and it resists regulation of the river by state and federal governments.

3. The Commission is a seven member citizen commission which has authority to make final decisions for the Iowa Department of Natural Resources (DNR). Iowa Code § 455A.5.

for September 26 in Decorah. As required by Iowa Code section 108A.5, the staff published notice of the hearing in Decorah and Waukon newspapers of general circulation in the two counties in which the proposed water area is located. The staff also sent written notice to the Winneshiek and Allamakee county conservation boards. Neither the individual landowners along the affected sections of the river nor the Association was given individual notices of the meeting.

No Association members and none of the individual petitioners attended this meeting.

On December 7, the commission designated this sixty-four mile corridor of the Upper Iowa River as a protected water area. Consequently, commission staff began preparing a preliminary draft of a management plan for the administration of this area. Iowa Code § 108A.6.

After preparing the management plan preliminary draft, the staff scheduled a second meeting in Decorah for February 21, 1990. They again published notice of the meeting in the Decorah and Waukon newspapers, as required by Iowa Code section 108A.7. They also sent notice of this meeting to the Winneshiek and the Allamakee county boards of supervisors and conservation boards. The staff did not send notices to individual landowners along the affected portions of the river or to the Association.

Approximately 150 people attended this second meeting. The commission staff handed out copies of the preliminary draft of the management plan and offered to mail copies to those in attendance who did not receive one. Because most people at the meeting seemed opposed to the designation of the river as a protected water area, DNR Water Access Coordinator Jim Zohrer offered to meet with interested persons the following morning at the Decorah DNR office to discuss the management plan draft.

None of the present petitioners asked for a meeting with Zohrer, although they did appoint an Association member to attend Zohrer's office hours the morning after the second meeting. Additionally, DNR staff did meet with some landowners during those office hours.

At an April 5, 1990, meeting, the commission permanently designated the sixty-four mile corridor of the Upper Iowa River as a protected water area under chapter 108A. They also adopted a modified version of the draft management plan, altered slightly from the original plan in response to citizens' concerns about river bank stabilization and livestock grazing. Iowa Code § 108A.8.

At this same meeting, petitioners Reiser and Ryan, and their attorney, addressed the commission. They asked the commission to delay permanently designating the corridor and adopting the management plan until affected landowners could give input on the designation and study the management plan. The commission refused the delay request and proceeded to permanently designate the relevant portion of the river as a protected water area and to adopt the management plan.

On May 4, the petitioners filed a petition for judicial review challenging the commission's action designating the river as a protected water area. They also asked that further administrative action be stayed and the designation be overturned. Iowa Code §§ 17A.19 and 108A.11. The petitioners specifically challenged the commission's allegedly unlawful procedure in failing to meet with affected landowners separately or in small groups regarding the designation or the preparation of the management plan under Iowa Code section 108A.10.

The commission filed an answer, requesting that the petition be dismissed.

Following an evidentiary trial, see Iowa Code section 17A.19(7), the district court dismissed the petition for judicial review and affirmed the agency action. The court found section 108A.10 requiring meetings by commission staff with landowners to form voluntary, cooperative protection agreements was merely directory. The district court also concluded that publishing notice of the two meetings and offering to

meet with individuals after the second meeting by commission staff substantially complied with the requirements of section 108A.10. Furthermore, the court found the Association did not have standing to object to the commission's procedures. Additionally, the court concluded the petitioners were not entitled to specific individual notices regarding the public hearings held in Decorah. Finally, because the petitioners had failed to prove any grounds for reversing the commission's designation of the river as a protected water area, the court concluded the commission's actions had not prejudiced the substantial rights of the petitioners.

Petitioners appealed.

■■■ II. *Scope of review and Association's standing.* The commission's administrative activity in designating the Upper Iowa River as a protected water area and adopting the management plan is neither a contested case adjudication nor a rulemaking activity; rather, it is "other agency action." Iowa Code §§ 17A.2(2), 17A.2(8), 17A.2(9); *see also Polk County v. Iowa State Appeal Bd.*, 330 N.W.2d 267, 276 (Iowa 1983). As such, it is subject to judicial review. Iowa Code § 17A.19; *Polk County*, 330 N.W.2d at 276. The scope of that review is circumscribed by Iowa Code sections 17A.19(8) and 17A.20. *Women Aware v. Reagen*, 331 N.W.2d 88, 90 (Iowa 1983). In judicial review proceedings, the district court can, and did in the present case, hear and consider additional evidence as it deems appropriate. Iowa Code § 17A.19(7). Furthermore, in judicial review proceedings the district court may grant relief from the agency action upon the grounds listed in section 17A.19(8), and it functions in an appellate capacity to correct errors of law. *Mathis v. State Conservation Comm'n*, 369 N.W.2d 435, 437 (Iowa 1985); *Women Aware*, 331 N.W.2d at 90. Our duty is to correct any errors of law made by the district court. *Mathis*, 369 N.W.2d at 437; *Women Aware*, 331 N.W.2d at 90. We thus apply the standards of section 17A.19(8) to the agency action to determine whether our conclu-

sions comport with those of the district court. *Women Aware*, 331 N.W.2d at 90.

The district court concluded the Association did not have standing to object to the commission's procedures in designating the Upper Iowa River as a protected water area. For this appeal, we assume without deciding that the Association does have standing to challenge the agency's actions.

■■■ III. *Notice to petitioners of public hearings.* Petitioners contend they were entitled to individual notices of the two commission meetings of September 26, 1989, and February 21, 1990. The commission staff published notice of the two public meetings regarding the designation of the prospective protected water area and the management plan in Decorah and Waukon newspapers as required by Iowa Code sections 108A.5 and 108A.7. Additionally, the staff sent written notices for both meetings to the Winneshiek and the Allamakee county conservation boards. For the second meeting, the staff also sent notices to the Winneshiek and Allamakee county boards of supervisors. The individual petitioners and the Association now complain they were not given separate notice of the two public meetings even though the commission knew of the Association's existence and its members' probable opposition to the commission's actions.

Iowa Code section 108A.5 states:

> After nomination of prospective protected water areas by the commission and prior to the designation as a prospective protected water area, the commission shall conduct a public hearing in the vicinity of the water area. *Notice* of the hearing *shall be published* at least twice, not less than seven days prior to the hearing, *in a newspaper having general circulation in each county* in which the proposed water area is located.

(Emphasis added.)

Iowa Code section 108A.7 provides for the same notice regarding the public meeting to be held on the management plan before permanent designation and adoption of the plan.

We note that publication is the *only* method of notice required under the statutes. No mention is made of giving notice to county conservation boards, county boards of supervisors, or landowners. We therefore conclude the commission staff properly followed the notice provisions of sections 108A.5 and 108A.7, and the petitioners were not entitled to separate notice. Petitioners' contention has no merit.

▇▇▇ IV. *Commission compliance with section 108A.10.* Petitioners next contend the commission action should be overturned because the commission staff did not meet with landowners individually or in small groups during preparation of the management plan under Iowa Code section 108A.10.

Finding the purpose of section 108A.10 to be to secure voluntary agreements with landowners before final designation of an area as a protected water area, the district court concluded section 108A.10 is merely a directory rather than a mandatory statute. As such, the court concluded the petitioners' substantial rights had not been prejudiced.

To succeed in challenging an agency's action, the petitioners must "[1] demonstrate prejudice to substantial rights and [2] the prejudice must arise from agency action which falls within one or more of the grounds enumerated in section 17A.19(8)." *Mercy Health Ctr. v. State Health Facilities Council*, 360 N.W.2d 808, 811 (Iowa 1985).

Under *Taylor v. Department of Transportation*, 260 N.W.2d 521, 522 (Iowa 1977), whether a statute is mandatory or directory depends upon legislative intent. We explained in *Taylor* that if the prescribed duty is essential to the main objective of the statute, then the statute is ordinarily mandatory and violations will invalidate subsequent proceedings under it. *Id.* at 522–23. However, if the duty is not essential to the main objective of the statute, then the statute ordinarily is directory and violations will not invalidate subsequent proceedings unless prejudice is shown. *Id.* at 523. We further noted in *Taylor* that

'[t]he rule is, that when a statute is merely directory, a thing therein required, omitted to be done at the proper time, may be allowed afterward.... If, however, a thing is prohibited, or if it is to be done at one time and prohibited at any other, such prohibition cannot, without judicial legislation, be disregarded.' *Id.* at 523 (quoting *Hill v. Wolfe*, 28 Iowa 577, 580 (1870)).

Section 108A.10, entitled "Landowner cooperation," states:

Recognizing that most of the protected water areas may be within privately owned lands, the legislature encourages the commission to cooperate with the landowners within the designated areas in achieving the purposes of this chapter. Likewise, the landowners within the designated areas are encouraged to cooperate with the commission. *Commission staff shall meet separately or in small groups with landowners* within interim protected water areas during the preparation of the master plan *to establish workable and acceptable agreements for the protection of the area and its accompanying resources* in a manner consistent with the purposes of the chapter and the interest and concerns of the landowner.

(Emphasis added.)

It appears the purpose of section 108A.10 is to establish voluntary protection agreements with landowners, *not* necessarily just to obtain landowner input on the management plan as petitioners contend. The formation of these agreements is strictly voluntary. Condemnation is not to be used to manage and preserve a protected water area. Iowa Code § 108A.9. The statute does not prohibit the formation of such agreements after an area has been permanently designated a protected water area or a management plan has been adopted. Because such agreements can apparently be entered into at any time and not only before the management plan is adopted, it does not appear the formation of the agreements before the management plan is adopted is essential to the purpose of the statute. Therefore, we conclude that un-

der *Taylor* the section 108A.10 duty to meet with landowners to form protection agreements is merely directory rather than mandatory.

In the present case, petitioners made clear their opposition to the designation of the Upper Iowa River as a protected water area and to any management plan. The commission staff reasonably concluded that these petitioners therefore would not be interested in entering into any protection agreements and consequently did not meet individually or in small groups with all the landowners regarding such agreements other than after the February 21, 1990, hearing. Furthermore, it appears that petitioners can enter into protection agreements with the commission at any time, now or in the future. We therefore conclude that the petitioners' substantial rights were in no way prejudiced by the staff's failure to meet with all the landowners to form protection agreements under section 108A.10.

V. *Other substantial rights prejudiced.* Petitioners have listed eight other areas, including a deterioration of the local property tax base, where they believe their substantial rights have been prejudiced. We have considered these other arguments and find them without merit or unnecessary to discuss.

VI. *Disposition.* We conclude the commission violated no statutory or procedural provisions of law as set forth in Iowa Code section 17A.19(8) in connection with its agency action. Therefore, we affirm the trial court's order dismissing the petition for judicial review and upholding the agency action.

**AFFIRMED.**