# IN THE COURT OF APPEALS OF IOWA

No. 16-0723
Filed April 4, 2018

**MICHAEL LYNN HEARD SR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Greene County, Steven J. Oeth, Judge.

A postconviction applicant appeals the denial of relief from his convictions and sentences for cocaine delivery, theft, and criminal mischief. **AFFIRMED.**

Joseph C. Glazebrook of Glazebrook & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary L. Miller, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Michael Heard Sr. appeals the dismissal of his postconviction relief (PCR) application. He raises several issues related to his sentencing. But because he has discharged his sentence, those issues are now moot. So Heard is left with a single viable claim—had trial counsel fully investigated Heard's mental health and better informed Heard about a diminished capacity defense, Heard would have insisted on going to trial. Deferring to the district court's credibility findings, we reject Heard's allegation of ineffective assistance of counsel.

In October 2010, Heard pleaded guilty to delivery of cocaine, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(2)(b) (2010). The district court sentenced Heard to an indeterminate ten-year suspended sentence and placed him on probation for five years. After Heard violated his probation in 2012, the district court imposed the original ten-year sentence. But after reconsideration, the court again released Heard on a five-year probation term.

Then in 2014, Heard violated probation and was charged with second-degree criminal mischief, domestic abuse assault, and fifth-degree theft. To avoid the impact of a domestic-abuse-assault conviction, Heard agreed to plead guilty to fifth-degree theft, in violation of Iowa Code section 714.2(5) and third-degree criminal mischief, in violation of Iowa Code section 716.1, in return for the State's dismissal of the assault charge. At the combined sentencing and probation-revocation hearing, the district court imposed a thirty-day term for theft and a two-year term for criminal mischief concurrent to his indeterminate ten-year sentence for drug delivery.

Heard sought postconviction relief (PCR) alleging his trial attorney was ineffective in three ways: (1) failing to investigate a diminished-capacity defense based on Heard's diagnoses for mood disorder and major panic disorder, (2) failing to request an updated presentence investigation (PSI) report, and (3) failing to present evidence of Heard's impairments as mitigating sentencing factors. During the PCR hearing Heard also complained counsel permitted him to plead guilty even though Heard did not understand the charges or their consequences. Heard alleged that had counsel performed adequately, he would have refused the plea agreement and demanded a trial. Heard's counsel, Joey Hoover, testified. Heard also took the stand, as did his wife and son.

The PCR court decided attorney Hoover performed competently and dismissed Heard's PCR application. On appeal, Heard renews his claims that Hoover failed to adequately investigate a possible diminished-capacity defense, failed to present evidence of Heard's mental health at sentencing, failed to request an updated PSI, and the cumulative effect of these failures resulted in prejudice. Heard also alleges he received constitutionally deficient representation from his PCR trial counsel because that attorney failed to challenge the district court's sentencing calculation.

While we generally review PCR proceedings for legal error, we review ineffective-assistance claims de novo due to their constitutional nature. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Because the district court had the chance to see the witnesses in person, we give weight to its conclusions regarding their credibility. *See id.* To show he received ineffective assistance, Heard must prove by a preponderance of the evidence that his attorneys failed to

perform an essential duty and prejudice resulted. *See State v. Straw*, 708 N.W.2d 128, 133 (Iowa 2006).

The bulk of Heard's appellate claims relate to sentencing. But, as Heard concedes, he discharged his sentence on February 8, 2017.[1] The State argues the sentencing claims are moot. An issue is moot "if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) (quoting *Iowa Bankers Ass'n v. Iowa Credit Union Dep't*, 335 N.W.2d 439, 442 (Iowa 1983)). When determining if an issue is moot, we question if "an opinion would be of force and effect with regard to the underlying controversy." *Id.* (quoting *Women Aware v. Reagan*, 331 N.W.2d 88, 92 (Iowa 1983)). Because Heard already discharged his sentences, an opinion would be of no force and effect.[2] Accordingly, we dismiss those claims as moot. *See State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (determining challenge to sentencing condition was moot because the sentence was already discharged).

Heard's only surviving claim alleges attorney Hoover failed to adequately investigate Heard's mental-health issues as possible support for a diminished-capacity defense. Heard claims had Hoover more fully developed the diminished-

---

[1] "Matters that are technically outside the record may be submitted in order to establish or counter a claim of mootness. We consider matters that have transpired during the appeal for this limited purpose." *In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992).

[2] Heard's sentencing challenges do not present issues warranting review in spite of mootness. *See State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002) (noting moot claims can be considered after considering the "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review" (citation omitted)). Heard did not file a reply brief to address the mootness issue.

capacity defense and explained it to him, he would have refused the plea agreement and insisted on going to trial. To prevail, Heard must show Hoover failed to meet the standard of a reasonably competent attorney. *See Ledezma*, 626 N.W.2d at 142. We begin with an assumption Hoover performed competently and require Heard to show otherwise. *See id.*

Heard did not prove Hoover's representation fell below reasonable competency. Hoover testified he reviewed a psychological evaluation of Heard in preparation for a diminished-capacity defense, which would have negated the specific intent elements of the offenses charged. Hoover also testified he advised his client about the pros and cons of accepting the proposed plea agreement versus raising a diminished-capacity defense at trial. Specifically Hoover warned Heard that juries "tend to not like that defense." Hoover used a recent high-profile Iowa case to illustrate his point. But Hoover did not suggest a jury would necessarily reject the defense in Heard's case. Hoover testified had Heard opted for a trial, he would have presented the diminished-capacity defense. In support of the defense, Hoover intended to call, and in fact had subpoenaed, the psychologist who drafted Heard's evaluation. Hoover testified he was "confident" Heard understood the consequences of the plea agreement or the attorney "would not have allowed the plea to go forward." In his testimony, Heard disagreed with his attorney's recollection of events.

The PCR court gave credence to attorney Hoover's testimony, and we defer to that credibility finding. *See Ledezma*, 626 N.W.2d at 141. The attorney adequately investigated a diminished-capacity defense and provided Heard an honest assessment of its chances of success. Heard made an informed decision

to "enter pleas and probation violation admissions."  On this record, Heard cannot to show Hoover failed to perform an essential duty.[3]  *See id.* at 142.

**AFFIRMED.**

---

[3] Heard also argues he received ineffective assistance due to the cumulative impact of counsel's omissions.  But because only one issue is not moot, there are not claims to consider in aggregate.