# IN THE COURT OF APPEALS OF IOWA

No. 23-0459
Filed May 8, 2024


**RIVERVIEW SNF OPERATOR LLC d/b/a ASPIRE OF PLEASANT VALLEY,**
    Plaintiff-Appellant,

**vs.**

**MARILYN CREIGHTON and BRENDA JOYCE CREIGHTON-WILSON, in her capacity as agent under power of attorney for Marilyn Creighton,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.


    A creditor in a collection suit appeals the district court's order dismissing its claim against one of the defendants. **APPEAL DISMISSED.**


    Rebecca A. Brommel and Joshua D. Hughes of Dorsey & Whitney LLP, Des Moines, for appellant.

    R. Douglas Wells of Gomez May LLP, Davenport, for appellees.


    Heard by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

Riverview SNF Operator LLC, doing business as Aspire of Pleasant Valley (Aspire), sued Marilyn Creighton and her daughter Brenda Creighton-Wilson in her capacity as Marilyn's agent[1] pursuant to a power of attorney. Aspire alleged Marilyn breached an implied contract after failing to pay for nursing home services it provided to Marilyn and her now deceased husband. It alleged Brenda, as agent, also breached an implied contract for the same failure to pay and that both Marilyn and Brenda were unjustly enriched by the uncompensated services Aspire provided for Marilyn and her husband.

Brenda moved to dismiss the claims against her. She argued she is not a proper defendant in the action because she was not personally obligated to pay Aspire and did not become personally liable simply by being Marilyn's agent. The district court granted her motion and dismissed Aspire's claims against her. After obtaining judgment against Marilyn, Aspire appealed the order dismissing Brenda from the suit. Brenda countered by filing a motion with the supreme court asking to dismiss the appeal as moot because she is no longer Marilyn's agent under the power of attorney. The supreme court ordered the motion to be submitted with the appeal and then transferred the case to our court.

---

[1] Throughout its briefs, Aspire consistently refers to Brenda as Marilyn's "power of attorney." This conflicts with the statutory nomenclature. A power of attorney is the writing that grants one person the authority to act in place of another. *See* Iowa Code § 633B.102(9) (2022) (defining "power of attorney"). The person given the authority to act in place of another via a power of attorney is called an "agent" or "attorney in fact." *See id.* § 633B.102(1) (defining "agent"). We will use the statutory term "agent" to refer to Brenda's role.

We begin with the mootness issue. The mootness doctrine permits a court to decline to hear a case when, due to changed circumstances, there is no longer a live controversy and the court's decision will not matter. *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022).

Aspire argues that we cannot dismiss the appeal as moot because Iowa Rule of Appellate Procedure 6.1006(1)(a)(1)[2] only allows for dismissal "based upon the appellant's failure to comply with an appellate filing deadline . . . , the appellant's filing of a document that fails to substantially comply with the appellate rules or a court order, or an allegation that the appropriate appellate court lacks jurisdiction or authority to hear the case." But mootness is an additional ground for dismissing an appeal. *In re Guardianship of Kennedy*, 845 N.W.2d 707, 710–11 (Iowa 2014) (considering dismissal of the appeal on mootness grounds even when there are no grounds for dismissal under rule 6.1006(1)(a)); *see also Maghee v. State*, 773 N.W.2d 228, 231–35 (Iowa 2009) (deciding mootness issue after appellant died while appeal was pending); *In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992) (deciding whether issue had become moot during pendency of further review); *Kuehl v. Sellner*, No. 19-1980, 2021 WL 3392813, at *1–3 (Iowa Ct. App. Aug. 4, 2021) (deciding whether issue had become moot based on event occurring five months after filing of notice of appeal). As mootness provides a ground for

---

[2] Since the filing of the parties' appellate briefs, revisions to the rules of appellate procedure went into effect and Iowa R. App. P. 6.1006(1)(a) was split into several subparagraphs. The part of former rule 6.1006(1)(a) at issue here is now located at rule 6.1006(1)(a)(1), to which we will refer. *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Adopting Amendments to Chapter 6 of the Iowa Court Rules, Iowa Rules of Appellate Procedure* 3 (February 29, 2024).

dismissal outside the confines of rule 6.1006(1)(a)(1), we reject Aspire's argument to the contrary.

Aspire next contends we cannot consider Brenda's mootness claim because it relies on facts outside the record. While we generally cannot consider facts that are not part of the record, *see Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3 (Iowa 2005), the general rule does not apply to questions of mootness. *Riley*, 970 N.W.2d at 296. Since entry of the district court's order dismissing Brenda from the suit, there is no dispute that Brenda no longer serves as Marilyn's agent and that she cannot do so in the future due to a founded allegation that Brenda committed dependent adult abuse against Marilyn. *See* Iowa Code § 633B.110(2)(e) (terminating an agent's authority under a power of attorney when "[t]he agent is named as having abused the principal in a founded dependent adult abuse report"). After Brenda relinquished her position as Marilyn's agent, Brenda's brother took over the role of serving as Marilyn's agent and confessed judgment against Marilyn in favor of Aspire. We rely on these facts to address the mootness issue.

Aspire's argument that the case is not moot is best summed up by this excerpt from its appellate brief:

> [T]his case implicates a (yet unpaid) monetary demand . . . . Aspire is not seeking an abstract declaration that Brenda *could be* or *might be* liable; Aspire instead seeks to actually hold Brenda liable in her role as power of attorney[3] to Marilyn and collect judgment from the assets held by Brenda during the time she served in such a role. Whether Brenda actually holds any of those assets now is immaterial to the question before the [c]ourt, which is whether the [d]istrict [c]ourt improperly dismissed Brenda on the record before it.

---

[3] As noted in footnote one, the proper term here is "agent," but we quote the terminology used in Aspire's brief.

Contrary to Aspire's argument, the fact that Brenda no longer holds assets on Marilyn's behalf—assuming she ever did—is the crux of the matter. Aspire has made it clear that it seeks judgment against Brenda only in her representative capacity and not personally.[4] But Aspire's argument only makes sense if it were suing Brenda in her personal capacity. Brenda is no longer Marilyn's agent and is prohibited from serving in that role in the future due to the founded dependent adult abuse report. Brenda no longer has the right to do anything with Marilyn's assets, including paying Aspire. If this court were to reach the merits, we would only be deciding the academic question of whether a creditor may sue the debtor's agent as a separate defendant from the debtor. Whether the answer is yes or no does not affect Aspire and Brenda in this case. As the question whether an agent under a power of attorney can be sued in the agent's representative capacity is nothing more than an academic exercise in this case, the issue is moot. *See Riley*, 970 N.W.2d at 296 (noting that courts do not exist to resolve academic questions of law).

Aspire contends that, even if the question is moot, we should decide it on the merits anyway. Aspire relies on two exceptions to the mootness doctrine—voluntary cessation and public importance.

We first address the voluntary-cessation exception. This exception applies when a defendant voluntarily stops performing the action challenged by the plaintiff but could start again once the suit is dismissed. *Id.* at 297. In such cases, courts

---

[4] Aspire's reply brief admits that Aspire "does not seek damages against Brenda personally in this action."

generally decide to hear the matter out of concern that the defendant will be "free to return to [its] old ways." *Id.* at 296 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Iowa has not expressly recognized this exception to the mootness doctrine. *Id.* But even if we did recognize it, this exception cannot apply here because Brenda is legally prohibited from acting again as Marilyn's agent under a power of attorney by operation of Iowa Code section 633B.110(2)(e).

The public-importance exception to the mootness doctrine gives us "the discretion to decide a moot case if 'matters of public importance are presented and the problem is likely to recur.'" *Id.* at 298 (quoting *Homan v. Branstad*, 864 N.W.2d 321, 330 (Iowa 2015)). To decide whether to apply the public-importance exception, we consider four factors: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *Id.* (quoting *Homan*, 864 N.W.2d at 330).

Applying the four-factor test, we start with the first two factors and conclude this case presents a wholly private issue—whether a creditor (a private entity) may sue a private individual in her capacity as representative for another private individual—that will provide little if any guidance to public officials. *Cf. id.* (concluding challenge by bar operators to governor's COVID-19 public health order was of a public nature); *Women Aware v. Reagen*, 331 N.W.2d 88, 92 (Iowa 1983) (determining agency's decision not to implement benefit increase expressly required by the legislature "arguably is a matter of substantial public interest").

Aspire claims that resolving this question would provide guidance to Iowans who have executed or are considering executing a power of attorney. But the Iowa Rules of Civil Procedure already provide guidance on the roles of representatives in lawsuits. *See* Iowa. Rs. Civ. P. 1.201, .226. The private nature of this dispute, the resolution of which will not guide public officials, cuts against applying the public-importance exception.

Perhaps more importantly, we don't imagine this issue recurring, and if it did, it is unlikely to evade review. *See Riley*, 970 N.W.2d at 299 ("Our precedents make clear that we do not invoke the public-importance exception unless the dispute is likely to recur."). As representatives, agents simply stand in the principal's shoes, so if the agent fails to pay a creditor of the principal, for example, the creditor would naturally sue the principal, not the agent. *See Brownell v. Johnson*, No. 19-0847, 2020 WL 6482732, at *6 (Iowa Ct. App. Nov. 4, 2020) ("Essentially the agent acting under a power of attorney steps into the shoes of the principal to act for the best interests of the principal."); *see also Ames Tr. & Sav. Bank v. Reichardt*, 121 N.W.2d 200, 204 (Iowa 1963) ("The administratrix, as personal representative, stepped into the shoes of the decedent . . . ."). We again highlight the fact that Aspire sued Brenda only in her representative capacity and not in her individual capacity. Aspire has not provided a clear explanation—nor can we think of one—as to what benefit suing the agent in the agent's representative capacity adds to a claim against the principal such that others would start bringing similar suits. And even if suits against agents in their representative capacity started popping up, it is unlikely that the issue of whether they are a proper party will evade review. This case became moot because a founded allegation of

dependent adult abuse prevented Brenda from staying in her role as agent—an unusual situation not likely to recur. Applying the four-factor test, we determine the public-importance exception does not apply here.

Because the issue Aspire raises on appeal is moot, and neither exception to the mootness doctrine relied upon by Aspire applies, we dismiss Aspire's appeal.

**APPEAL DISMISSED.**