**James KERNODLE, Appellant,**

v.

**COMMISSIONER OF INSURANCE OF the STATE OF IOWA, Appellee.**

No. 67520.

Supreme Court of Iowa.

March 16, 1983.

William H. Cone, Jr., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Fred M. Haskins, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Petitioner James Kernodle appeals from an order of the district court denying his petition for judicial review of administrative agency action. The underlying administrative order for which judicial review is sought is final agency action by the respondent Commissioner of Insurance in a contested case proceeding revoking petitioner's license as an insurance agent.

The order of the respondent revoking petitioner's license was entered on August 7, 1981. The petition for judicial review was filed by petitioner in the Iowa District Court for Polk County on August 19, 1981, asserting that the final agency action was not supported by substantial evidence in the record, was arbitrary and capricious, and was affected by error of law. On the date the petition was filed, petitioner obtained an ex parte order from the district court staying the effective date of the revocation of his license as an insurance agent pending final disposition of his petition for judicial review. On August 28, 1981, this stay order was dissolved on motion of the respondent. On September 8, 1981, respondent filed his answer denying the material allegations of the petition for judicial review and requesting that the final agency action revoking petitioner's license be affirmed.

The next action which occurred in the district court, as shown by the record, is an order entered September 9, 1981, denying petitioner's claim for relief on the merits and entering final judgment. Both parties concede on appeal that when this order and judgment was entered, no hearing had been held nor had any alternative mode of submission been ordered by the court pursuant to rule 333(b), Iowa Rules of Civil Procedure. It is also conceded by the respondent that the record of the contested case proceeding before the agency had not yet been filed in the district court when petitioner's claims were adjudicated against him.

Petitioner immediately appealed from the district court order rejecting his claim and entering judgment against him. He asserts the trial court erred in finally adjudicating the merits of his petition for judicial review without holding a hearing and prior to the availability of the record made before the agency. Respondent urges that a hearing is not required and that there are jurisdictional and procedural bars to petitioner's claim both in the trial court and on appeal. We consider the claims presented and reverse the order of the district court.

I. *Jurisdictional Questions.*

Before considering the issues which petitioner urges on appeal, we first consider two jurisdictional questions relating to the proceedings in the district court. The first of these two questions concerns respondent's claim that the district court lacked jurisdiction to consider the petition for judicial review because the caption of that petition was entitled "Before the Commissioner of Insurance of the State of Iowa." The petition was filed with the clerk of the Iowa District Court for Polk County and specifically designated that court in the body of the petition as the forum which was to act on the petition. This jurisdictional claim was not raised in the district court, and respondent filed an answer to the petition and prayed for an order of the court affirming the final agency action. It is respondent's claim on appeal that the issue is one of subject-matter jurisdiction which may be raised at any time.

" 'Subject-matter jurisdiction means the power to hear and determine cases of the general class to which the proceedings belong.' " *Powell v. Khodari-Intergreen Co.,*

303 N.W.2d 171, 173 (Iowa 1981), quoting *Wederath v. Brant,* 287 N.W.2d 591, 594 (Iowa 1980). *See In re Estate of Dull,* 303 N.W.2d 402, 406 (Iowa 1981); 20 Am.Jur.2d *Courts* § 88 (1965); 21 C.J.S. *Courts* § 105 (1940). The fact the caption fails to correctly designate the court where the petition is filed does not defeat the subject matter jurisdiction of the district court to review final agency action under Iowa Code section 17A.19 (1981). Respondent may not raise this issue for the first time on appeal.

The second jurisdictional issue which we face is one which we requested the parties to address by a presubmission order. The record initially contained no indication of the required mailing of the petition for judicial review to the necessary parties. Since the time of our presubmission order questioning this deficiency, an affidavit of mailing has been included in the record which, together with certified mail receipts, shows compliance with the mailing requirements of Iowa Code section 17A.19(2) (1981).

II. *Necessity of a Rule 179(b) Motion.*

■ Respondent next seeks to defeat petitioner's claims on appeal by urging that the procedural deficiency, if any, in the district court's entry of judgment without hearing or without fixing an alternative mode of submission under rule 333(b) may not be reviewed because no motion was made in the district court to expand the said ruling under rule 179(b), Iowa Rules of Civil Procedure.

We have often held that a rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense or legal theory properly submitted for adjudication. *Arnold v. Lang,* 259 N.W.2d 749, 753 (Iowa 1977); *Michael v. Merchants Mut. Bonding Co.,* 251 N.W.2d 531, 533 (Iowa 1977); *Fjelland v. Wemhoff,* 249 N.W.2d 634, 638 (Iowa 1977); *Rector v. Alcorn,* 241 N.W.2d 196, 200 (Iowa 1976). We do not believe, however, that the holdings of these cases govern the issue presented in the instant case. Those holdings relate to issues properly raised in the district

court before entry of final judgment and not ruled on by the court. The issue of procedural irregularity in entering judgment in the present case was not an issue submitted to the court for decision before entry of final judgment in the case. While such a motion may have been permissible under rule 333(c) and indeed may have been desirable, we hold that it was not required in order to preserve for purposes of appeal the issue of procedural irregularity which has been advanced by the petitioner.

III. *Procedural Irregularities in Entry of Judgment.*

■ Petitioner asserts that the action of the district court (a) in denying his claim without a hearing and (b) in ruling on the issues prior to the availability of the record made before the agency were procedural irregularities of such magnitude as to require reversal. Respondent answers the complaint that no hearing was held by urging that due process does not require a hearing incident to judicial review of administrative agency action. In support of this contention, respondent relies on our statement in *Cedar Rapids Human Rights Commission v. Cedar Rapids Community School District,* 222 N.W.2d 391, 402 (Iowa 1974) that "[i]t has never been a rule of constitutional law that all administrative acts be subject to judicial review in order to have compliance with due process."

We need not determine in the present case the extent to which constitutional standards of due process mandate a hearing on petitions for review of administrative agency action under Iowa Code section 17A.19 (1981). Petitioner's arguments on appeal are based upon rights conferred by the applicable statutory law as well as constitutional guarantees. Section 17A.19 does not expressly mandate that a hearing be held on a petition for judicial review and clearly an evidentiary hearing is inappropriate in most cases. Yet, in describing the means by which an evidentiary hearing may in certain cases be secured, section 17A.19(7) provides: "Before the date set for hearing a petition for judicial review of

agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case." The quoted language at least suggests that some type of hearing will be accorded the parties in reviewing agency action in contested cases.

Rule 333(b), Iowa Rules of Civil Procedure provides that in proceedings for judicial review of agency action in a contested case: "Upon request of any party the reviewing court shall, or upon its own motion may, establish a schedule for the conduct of the proceeding." In reconciling the provisions of this rule with the language in section 17A.19(7) which refers to "the date set for hearing," we conclude that in the review of contested cases a hearing must be held for submission of the issues for decision unless an alternative means of submission on written arguments is established by the court under rule 333(b). The district court's failure to provide for either of these modes of submission in the present case requires reversal of its judgment.

We also conclude that reversal is required by the fact that final judgment was entered by the district court before the record before the administrative agency was available for its consideration. One of the grounds urged in the petition for judicial review is that the agency action in a contested case proceeding is unsupported by substantial evidence in the record made before the agency when viewed as a whole. No reason has been made to appear in respondent's argument or otherwise how the district court could have determined this issue without having the record made by the agency available to it.

For each of the reasons stated, the judgment from which appeal has been taken is reversed and the cause remanded to the district court for further proceedings consistent with Iowa Code section 17A.19 and our decision in this case.

REVERSED AND REMANDED.