**Janice Drew WIESLANDER, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION,**
**Appellee.**

**No. 98–362.**

Supreme Court of Iowa.

July 8, 1999.

David L. Brown of Hanson, McClintock & Riley, Des Moines, and J. Patrick Deveny, Des Moines, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and NEUMAN, SNELL, TERNUS, and CADY, JJ.

CADY, Justice.

In this appeal, we are asked to apply our general savings statute to preserve an action by a motorist to rescind the revocation of her driving privileges brought under a statute which was repealed prior to the filing of the action. The district court found the savings statute did not preserve the action. We affirm.

## I. Background Facts and Proceedings.

On December 1, 1996, a state trooper arrested Janice Wieslander for operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2 (1995). The trooper stopped Wieslander's vehicle for the failure to dim lights, speeding, suspicious driving, and the failure to wear a seat belt. A breath sobriety test was also administered to Wieslander.

Wieslander was subsequently charged in district court with the crime of operating while intoxicated. Additionally, the Iowa Department of Transportation (DOT) notified Wieslander her driver's license was revoked based upon the results of the breath test. Wieslander took action to challenge both proceedings. On December 12, 1996, she filed a request for a hearing on the revocation of her license. On January 26, 1997, Wieslander filed a motion to suppress the evidence in the criminal case obtained as a result of the stop.

The DOT upheld the revocation of Wieslander's driver's license. On May 8, 1997, Wieslander filed a petition for judicial review with the district court. That action is not a part of this appeal.

In the meantime, the district court overruled the motion to suppress filed by Wieslander in the criminal case. However, she renewed her motion on July 29, 1997, which the district court sustained on August 8, 1997. The district court found the stop of Wieslander's vehicle was unreasonable and suppressed the results of the breath test.

On August 21, 1997, Wieslander filed a petition with the DOT pursuant to Iowa Code section 321J.13(4) (1997). She sought to reopen the revocation hearing and rescind the revocation of her driver's license based upon the finding by the district court in the criminal case that the state trooper did not have reasonable grounds to stop her vehicle. The DOT responded to the petition by informing Wieslander it would not consider the request because section 321J.13 had been amended, effective July 1, 1997, to strike the provisions permitting the revocation proceedings to be reopened. Wieslander then filed a petition for judicial review of the DOT decision with the district court.

In her petition for judicial review, Wieslander requested a continuance of the prior stay of the revocation of her driver's license. Following a hearing on the continuance of the stay, the DOT sought to establish a briefing schedule for the submission of the case. Without an additional hearing or the submission of briefs by the parties, the district court entered a ruling affirming the refusal by the DOT to reopen the revocation proceedings. The district court found the repeal of Iowa Code section 321J.13(4) prior to the ruling on the motion to suppress precluded her from obtaining relief from the license revocation under the repealed statute. The district court additionally ruled section 321J.13(4) was remedial and could be applied retroactively.

Wieslander subsequently filed a motion under Iowa Rule of Civil Procedure 179(b). She claimed the district court erred by ruling on the merits of the petition for judicial review without holding a hearing

or permitting the parties to submit briefs. The district court denied the motion. It found a hearing was unnecessary because the petition only involved a legal issue.

On appeal Wieslander initially claims the district court erred by ruling on the merits of the petition for judicial review without holding a hearing on the petition or providing for the submission of briefs. She next claims the district court erred by finding the repeal of section 321J.13(4) precluded her claim for rescission of the revocation. Finally, she claims the DOT decision constituted illegal rulemaking.

## II. Standard of Review.

In reviewing an agency decision, the district court functions in an appellate capacity to correct legal error committed by the agency. *City of Sioux City v. GME, Ltd.,* 584 N.W.2d 322, 324 (Iowa 1998). On appeal, we apply the standards of Iowa Code section 17A.19(8) to assess whether our conclusions coincide with those reached by the district court. *Board of Supervisors v. Iowa Civil Rights Comm'n,* 584 N.W.2d 252, 254 (Iowa 1998). Ordinarily, our review is confined to whether the district court correctly applied the law. *Bennett v. Iowa Dep't of Natural Resources,* 573 N.W.2d 25, 27 (Iowa 1997). We also review questions of statutory interpretation for errors at law. *In re Marriage of Eklofe,* 586 N.W.2d 357, 359 (Iowa 1998). Further, we, like the district court, are obliged to broadly and liberally construe an agency's factual findings so as to uphold, rather than defeat, the agency's decision. *Bridgestone/Firestone v. Accordino,* 561 N.W.2d 60, 62 (Iowa 1997).

## III. Necessity of Hearing.

The district court is required to hold a hearing on its review of contested cases from an administrative agency unless it provides an alternative means of submission by written arguments. *Kernodle v. Commissioner of Ins.,* 331 N.W.2d 132, 135 (Iowa 1983); Iowa Code § 17A.19(7); Iowa R. Civ. P. 333. Despite the failure by the district court to hold a hearing or provide for submission on written argument in this case, the DOT argues the error does not require a reversal. It points out the appeal process has provided Wieslander with the same opportunity the district court failed to provide. Thus, it claims Wieslander suffered no prejudice.

In *Kernodle,* we held the failure of the district court to provide for either oral or written submission of a contested case required the district court judgment to be reversed and the case remanded for further proceedings. *Kernodle,* 331 N.W.2d at 135. However, there was no indication in *Kernodle* that the underlying merits of the case were raised as issues on appeal. Instead, the claim raised on appeal dealt with the failure to provide for a pre-submission hearing. *Id.* at 133. The commissioner of insurance responded by claiming a hearing was not required, and in any event jurisdictional and procedural defects barred the claim. *Id.* We found no jurisdictional or procedural defects, and remanded the case to the district court for a hearing.

In this case, the merits of the claim are included as issues on appeal. Moreover, the procedural irregularity created by the district court has been remedied on appeal, and Wieslander makes no claim she was denied any other procedure by the district court action or that she wanted to supplement the record with additional evidence. Wieslander agrees the underlying issue on appeal is whether the repealed statute applies to preserve her action, and she has fully addressed the issue on appeal, including by oral argument. Furthermore, we review the appeal under the same standard of review as the district court. *See Squealer Feeds v. Pickering,* 530 N.W.2d 678, 682 (Iowa 1995) (where issues have been fully addressed and argued, we can proceed with a review of the issues rather than remanding a case when it is in the interest of sound administration of justice). Accordingly, although we adhere to the hearing requirements of *Kernodle,* we find

Wieslander suffered no prejudice by the district court action.

## IV. Amendment of Section 321J.13.

### A. Statutory Background.

An arrest for operating while intoxicated not only typically results in a criminal proceeding, but also triggers an administrative proceeding under the implied consent statute for the revocation of the motorist's driver's license. *See* Iowa Code ch. 321J. The revocation results either because the motorist refused a chemical test or the results of the chemical test exceeded the statutory limit. *See id.* §§ 321J.9, .12.

Although the DOT is required to revoke a driver's license upon receipt of a proper certificate by a police officer under either the refusal to submit or the test result provisions, the motorist may request a hearing to contest the revocation. *Id.* § 321J.13(1). The issue at the hearing is limited to whether the peace officer had reasonable grounds to believe the person was operating while intoxicated, in addition to whether the person either refused a test or the results of the test that was administered exceeded the statutory limit. *Id.* § 321J.13(2). Additionally, prior to an amendment in 1997, the statute also provided:

> A person whose motor vehicle license or operating privilege has been or is being revoked under section 321J.9 or 321J.12 may reopen a department hearing on the revocation if the person submits a petition stating that new evidence has been discovered which provides grounds for rescission of the revocation, or prevail at the hearing to rescind the revocation, if the person submits a petition stating that a criminal action on a charge of a violation of section 321J.2 filed as a result of the same circumstances which resulted in the revocation has resulted in a decision in which the court has held that the peace officer did not have reasonable grounds to believe that a violation of section 321J.2 or

321J.2A had occurred to support a request for or to administer a chemical test or which has held the chemical test to be otherwise inadmissible or invalid. Such a decision by the court is binding on the department and the department shall rescind the revocation.

*Id.* § 321J.13(4).

The legislature amended section 321J.13(4) in 1997 by striking it from the section. *See* 1997 Iowa Acts ch. 104, § 31. This amendment therefore eliminated the ability of a motorist to file a petition to rescind a revocation based upon a successful challenge to the reasonableness of the stop in the criminal case. The amendment became effective July 1, 1997. Thus, at the time Wieslander obtained a favorable decision in the criminal case and sought to utilize the statute to rescind the revocation, the statute no longer existed.

### B. Amendment.

■ To determine the law to apply to the resolution of this controversy, we must first consider whether the 1997 amendment to section 321J.13 constituted a repeal. In striking subsection four, the legislature expressed its action as an amendment.

There is a distinction between an amendment and a repeal. Generally, when an entire act or section is abrogated and no new section is added to replace the section, the act accomplishing this result is considered a repeal. 1A Norman J. Singer, *Sutherland Statutory Construction* § 23.02, at 320 (5th ed.1992) [hereinafter *Sutherland*]. However, when a provision is withdrawn from a section, it is technically considered an amendment. *Id.* § 23.02, at 320. The distinction can be important because separate rules of construction have been developed for each category. *Id.* § 23.02, at 321. Yet, the term "implied repeal" has been applied to amendments which have the same qualitative effect as a repeal. *Id.* When this is done, courts may

resort to the rules of construction developed for express repeals. *Id.*

■ There is a strong presumption against an implied repeal, and a repeal by implication will not be found "unless legislative intent to repeal is clear in the language used and such a holding is absolutely necessary." *Good v. Crouch,* 397 N.W.2d 757, 760 (Iowa 1986) (quoting *State v. Rauhauser,* 272 N.W.2d 432, 434 (Iowa 1978)). The underlying rationale behind the presumption against the implied repeal is to avoid judicial usurpation of legislative authority. *Id.* at 760; *Sutherland* § 23.10, at 353. However, this case presents an appropriate instance to apply the implied repeal doctrine.

In this case, we apply the implied repeal doctrine because the effect of the amendment striking subsection four is consistent with a repeal. In fact, the rationale for distinguishing the striking of a provision from a section from the abrogation of an entire section or act is really a matter of degree. *Sutherland* § 23.02, at 320. Thus, construing the amendment as an implied repeal does not undermine legislative authority and is consistent with legislative intent. *Cf. Burton v. University of Iowa Hosp. & Clinics,* 566 N.W.2d 182, 189 (Iowa 1997) (considering a repeal of a special statute by a more general one). Accordingly, we apply our rules of statutory construction typically reserved for express repeals.

## V. Repeal of Statute.

■ The repeal of a statute typically destroys the effectiveness of the statute, and the repealed statute is deemed never to have existed. *Iowa Dep't of Transp. v. Iowa Dist. Ct. for Buchanan County,* 587 N.W.2d 774, 777 (Iowa 1998); *see also Sutherland* § 23.33, at 424. Several exceptions to this general principle exist, however. *In re Hoover's Estate,* 251 N.W.2d 529, 530 (Iowa 1977). These in-

clude a reenactment of the statute in substantially the same language, the existence of a savings clause or a general statute limiting the effect of a repeal, and the protection of rights which became vested while the statute was in force. *Id.* We consider the application of each of the exceptions to this case.

### A. Reenactment.

The provisions in section 321J.13(4) as they existed prior to the implied repeal were recently adopted in substantially similar language in an amendment to section 321J.13(6).[1] 16 Iowa Legis. Serv. § 22 (West 1999). The legislature specifically referred to the adoption of subsection six as an amendment rather than a reenactment or revival of the former section 321J.13(4). While the language of subsection six is similar to the former subsection four, it is not a verbatim replica of the former subsection four, and contains a more detailed organization of the law.

■ There is a distinction between a simultaneous repeal and reenactment of a statute in substantially the same terms and a simple repeal followed by a subsequent reenactment. *See State ex rel. Iowa Air Pollution Control Comm'n v. City of Winterset,* 219 N.W.2d 549, 551 (Iowa 1974); *State v. Prouty,* 115 Iowa 657, 662–63, 84 N.W. 670, 671 (1900); *Hancock v. The Dist. Township of Perry,* 78 Iowa 550, 551, 43 N.W. 527, 528 (1889); Annotation, *Effect of Simultaneous Repeal and Reenactment of All, or Part, of Legislative Act,* 77 A.L.R.2d 336, 339 (1961). In the event of a simultaneous repeal and reenactment, the reenactment is deemed to carry forward provisions of the repealed statute that are regarded as continuously in force from the date of the original enactment. *Prouty,* 115 Iowa at 662, 84 N.W. at 671; Iowa Code § 4.10; Annotation, *Effect of Simultaneous Repeal and*

---

1. The amendment adding subsection six did not exist at the time the issues were framed for appeal. We therefore decline to address the question whether the new statute would be applied retroactively. Wieslander's motion to file supplemental materials is denied.

*Re-enactment of All, or Part, of Legislative Act*, 77 A.L.R.2d 336, 341 (1961). On the other hand, a reenactment of a repealed statute does not carry the repealed statute forward when the reenactment is not simultaneous.

In this case, the repeal and reenactment were not simultaneous. A two-year gap occurred. Thus, the reenactment exception to the general rule is inapplicable.

## B. Savings Clauses.

Iowa, like most other states, has a general savings statute which provides for the continuation of repealed statutes for past activities and pending legal actions. Iowa Code §§ 4.1(26), 4.13; *Sutherland* § 23.37, at 432. These savings provisions exist to alleviate the hardship and injustice which can result from the general rule which considers the repealed statute to have never existed. *Sutherland* § 23.37, at 432. Although originally a rule of construction, our statutory savings provisions are now considered to be positive legislation which is incorporated into every statute which repeals a substantive right. *Id.; see Azeltine v. Lutterman*, 218 Iowa 675, 684, 254 N.W. 854, 858 (1934).

The past activities and proceedings which are permitted to continue under savings statutes generally involve substantive rights of a private nature, liability, right of action, penalty, forfeiture, or offense which has accrued under the repealed statute. *Sutherland* § 23.37, at 432–33. Thus, any accrued action predicated upon a repealed statute may be commenced and pursued to a conclusion under the repealed act, just as a proceeding which was commenced prior to the repeal of the statute may proceed to its conclusion without regard to the repeal. *Id.*

The specific provisions in Iowa's general savings statute provide:

The re-enactment, revision, amendment, or repeal of a statute does not affect:

1. The prior operation of the statute or any prior action taken thereunder;

2. Any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

3. Any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal; or

4. Any investigation, proceeding, or remedy in respect of any privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

Iowa Code § 4.13. Additionally, our statutory rules of construction provide that the repeal of a statute does not "... affect any right which has accrued ... or any proceeding commenced, under or by virtue of the statute repealed." *Id.* § 4.1(26).

We have recently examined the application of our savings clauses to the efforts by other motorists whose driver's licenses had been revoked under the operating while intoxicated provisions to seek reinstatement under a statute which was repealed before the application for reinstatement was filed. In *Buchanan County*, we held that an action by a motorist seeking reinstatement of a revoked license under a repealed statute was not saved because all the events essential to establishing reinstatement had not occurred at the time the statute was repealed. *Buchanan County*, 587 N.W.2d at 777. We observed section 4.13(2) saves only those privileges that have been acquired, accrued, or accorded under the repealed statute prior to the repeal. *Id.* at 776.

Similarly, in *Iowa Department of Transportation v. Iowa District Court for Scott County*, 587 N.W.2d 781 (Iowa 1998), we held that an action for reinstatement by a motorist under the same repealed statute was not saved because the steps required by the repealed statute were not accom-

plished prior to the repeal. We emphasized that the right to file at the time of the repeal for a hearing to establish reinstatement was not enough under section 4.13(2). *Scott County*, 587 N.W.2d at 783. Instead, the actual underlying claim or privilege must exist at the time of repeal so the court would have authority to grant relief had a petition been filed. *Id.* Additionally, we held that section 4.13(4) was not triggered unless the steps required by the repealed statute were accomplished before the repeal.[2] *Id.* at 785.

■ Wieslander claims the savings provisions apply to permit her to file a petition for rescission of the revocation after the repeal of the statute because she had initiated a review of the administrative revocation and was in the process of challenging the reasonableness of the stop in the criminal action at the time of the repeal. She asserts these proceedings were pursued for the purpose of eventually filing her petition to rescind the revocation, and the petition to rescind was part of the procedure available in the administrative process which she acquired at the time she initiated her action.

■ Our comprehensive review of our savings provisions in *Buchanan County* and *Scott County* reveals two important general principles. First, the provisions save those rights or privileges acquired, accrued, or accorded under the repealed statute before the repeal. *Buchanan County*, 587 N.W.2d at 776. Second, they preserve those proceedings actually pending pursuant to the repealed statute at the time of the repeal and those remedies and post-repeal proceedings which could have

been sustained at the time of the repeal.[3] *Scott County*, 587 N.W.2d at 784–85. Although these principles are derived from sections 4.13(2) and 4.13(4), they would generally apply to each savings clause, including section 4.1(26). Thus, in applying the savings clauses, it is important to consider what right or privilege was afforded under the repealed statute and whether it had accrued to the person claiming it because all events had occurred under the statute to sustain the remedy prior to the repeal or whether a proceeding had been commenced under the statute prior to the repeal.

■ The repealed provision in this case permitted the filing of a petition to reopen when "new evidence" establishing grounds for rescission was discovered. Iowa Code § 321J.13(4). It also mandated rescission when that evidence was a court decision in a parallel criminal case finding the arresting officer had no reasonable grounds to justify a request for a chemical test. *Id.* In this case, Wieslander makes no claim of "new evidence" and is unable to claim the existence of a court decision to establish rescission at the time of the repeal. Thus, at the time the statute was repealed, Wieslander could not have utilized section 321J.13(4) to obtain relief. She had only an expectation, dependent upon obtaining a favorable ruling in the criminal case. An expectation, however, is insufficient to trigger our savings clause. *Buchanan County*, 587 N.W.2d at 776–77. The right or privilege under the repealed statute must have been acquired prior to the repeal. *Id.*

2. We have also recently had the opportunity to address other similar issues in related cases. *See State v. Kotlers*, 589 N.W.2d 736, 738 (Iowa 1999); *State v. Flam*, 587 N.W.2d 767, 768 (Iowa 1998); *State v. Axton*, 587 N.W.2d 779, 780 (Iowa 1998).

3. Our court of appeals addressed a similar issue in *Elliot v. Iowa Department of Transportation*, 377 N.W.2d 250, 254–55 (Iowa App. 1985). The court found administrative proceedings had commenced in a license revoca-

tion and work permit context where the events transpired in the following order: the revocation incident had occurred, notice of revocation had been given, the administrative hearing commenced, and the repeal of a work permit rule occurred. *Elliot*, 377 N.W.2d at 254. Based upon the order of events, the court determined section 4.1(1) (now section 4.1(26)) saved the application of the law as it existed prior to the repeal. *Id.*

Although Wieslander had initiated administrative and criminal proceedings at the time of the repeal, these proceedings were not brought under the repealed statute. They did not constitute steps taken under the repealed statute. Furthermore, Wieslander had no existing right to rescission of the revocation at the time the statute was repealed which would have enabled her to initiate a proceeding under the statute.

Criminal proceedings are separate and distinct from the administrative proceedings for the revocation of a driver's license. *See Heidemann v. Sweitzer,* 375 N.W.2d 665, 668 (Iowa 1985). While criminal proceedings may enable a motorist to administratively petition for rescission in the future, the filing of a motion to suppress is not a step required by the repealed statute and did not transform the criminal proceeding into a proceeding under the repealed statute within the meaning of our savings statutes. *See Eldridge City Utils. v. Iowa State Commerce Comm'n,* 303 N.W.2d 167, 170 (Iowa 1981). The repealed statute merely made a court decision outcome determinative in a proceeding to reopen the revocation hearing. *See* Iowa Code § 321J.13(4) (1997).

Likewise, an action to review the license revocation is separate from an action to reopen a revocation hearing. Although both are administrative proceedings, they are based on different evidence and standards, and have different purposes. Neither is derived from the other, and the steps taken to challenge the revocation of a driver's license under section 321J.13(1) do not permit the filing of a petition for rescission under the repealed statute. Additionally, a litigant's interest in a certain procedure is not an accrued right or privilege protected by a savings

statute. *Scott County,* 587 N.W.2d at 783–84.

Accordingly, Wieslander did not implicate section 321J.13(4) by filing the motion to suppress or by challenging the revocation. She had no pending action under section 321J.13(4) at the time of the repeal, and our savings clauses cannot apply to save what was not in existence. The future ability to commence a proceeding is insufficient to trigger our savings statutes. *Scott County,* 587 N.W.2d at 784.

We conclude our savings clauses do not apply to this case. We therefore apply the general rule that the repeal of a statute destroys its effectiveness.[4]

### C. Vested Rights.

To qualify as a vested right, the right must be a contract right, property right, or a right stemming from a contractual transaction which has become perfected to the extent it is not dependent upon the continued existence of a statute. *Sutherland* § 23.34, at 428–29. It must also be more than a mere expectation and must be fixed or established. *Schwarzkopf v. Sac County Bd. of Supervisors,* 341 N.W.2d 1, 8 (Iowa 1983). The privilege at issue in this case does not qualify as a vested right, therefore rendering this exception to the general rule that the repeal of a statute destroys its effectiveness inapplicable.

### VI. Rulemaking.

Wieslander claims the response by the DOT to her petition to reopen was not a decision, but constituted rulemaking in violation of the requirements of Iowa Code section 17A.3. We find the issue was not raised before the district court and preserved for appeal. *See Podraza v. City of Carter Lake,* 524 N.W.2d 198, 203 (Iowa 1994) (our function is to review trial court's consideration of arguments raised before it

---

**4.** We believe our resolution of this issue also resolves the claim made by Wieslander that the failure to apply section 321J.13(4) to her petition to reopen the revocation hearing to rescind the revocation constitutes retroactive application of the statute which repealed section 321J.13(4) in violation of Iowa Code section 4.5. In this case, there was no retroactive application of the statute which repealed section 321J.13(4).

and not arguments counsel raises for the first time in this forum). Our review of the petition for judicial review to the district court fails to disclose the claim, and the motion under rule 179(b) filed by Wieslander following the district court decision failed to request a ruling on any issue raised but not decided. *See Lawrence v. Grinde,* 534 N.W.2d 414, 418 (Iowa 1995) (when the court fails to resolve an issue, request to enlarge or amend findings is necessary to preserve error). Accordingly, we decline to address the issue on appeal.

## VII. Conclusion.

The exceptions to the general rule that a repeal of a statute destroys its effectiveness do not apply to this case. We therefore apply the general rule and conclude the district court did not err in denying the rescission of the revocation.

**AFFIRMED.**