# IN THE COURT OF APPEALS OF IOWA

No. 20-1175
Filed November 23, 2021

**ROBERT M. HOGG and KATHRYN A. HOGG,**
    Plaintiffs-Appellants,

**vs.**

**CITY COUNCIL OF CEDAR RAPIDS,**
    Defendant-Appellee,

**and**

**PROTECT THE PRAIRIE PARK CORRIDOR, INC., an Iowa Nonprofit Membership Corporation, JEREMIAH KENNY, RONALD LIPPE, MICHAEL NOKE, LOUWANNA MORRIS, JOHN SCHRINER, and KERRY SANDERS,**
    Intervenors-Appellants,

**and**

**CARGILL, INCORPORATED,**
    Intervenor-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Mary E. Chiccelly, Judge.

Property owners appeal the city council's determination to amend the future land use map and rezone a property to allow industrial use. **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

Robert M. Hogg and Kathryn A. Hogg, self-represented.

Elizabeth D. Jacobi of the City of Cedar Rapids City Attorney's Office, Cedar Rapids, for appellee.

James C. Larew of Larew Law Office, Iowa City, for Intervenor-Appellants.

Samuel E. Jones of Shuttleworth & Ingersoll, P.C., Cedar Rapids, and Shannon L. Sole of Faegre Drinker Biddle & Reath, LLP, Des Moines and Christopher H. Dolan, Minneapolis, MN, for Intervenor-Appellee.

Heard by May, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

"A man who does not plan long ahead will find trouble at his door."[1]  These neighbors[2] (Landowners) near the "Stewart Road Property"[3] (the Property) believed the land use and zoning plans of Cedar Rapids (the City) left trouble off their doors.  In their view, the City then threw the plans aside to appease Cargill, Inc., but the district court and City resolved that the plans legally allowed for the Cargill development.  The Landowners filed writs of certiorari after the City granted a change to the land use plan and moved forward with a rezoning of the property to allow Cargill the opportunity to develop a railyard near the Landowners' residential properties.

Now on appeal, Hoggs argue there are issues of first impression and issues of broad public importance regarding: (1) land use amendments which allow an industrial use to be built in an existing residential neighborhood on public property currently used as a state-funded prairie, (2) the application of Iowa Flood Mitigation Program as codified in Iowa Code chapter 418 (2019) and a state-funded applicant's flood control system master plan, (3) a city's misinformation about its

---

[1] Also translated as, "If a man is not far-sighted, then trouble is impending." A. Charles Muller, *The Analects of* Confusius, 15:12, http://www.acmuller.net/con-dao/analects (last visited: Nov. 8, 2021).
[2] Robert and Kathryn Hogg own a home in the neighborhood contiguous to the Stewart Road property.  Other neighbors, Jeremiah Kenny, Ronald Lippe, Michael Noke, Louwanna Morris, John Schriner, and Kerry Sanders, appeared and moved to intervene and consolidate their objections to the city plan along with a non-profit group called Protect the Prairie Park Corridor, Inc.  The single family residential neighborhood is known locally as "Rompot."  Because all of their concerns align, we refer to all of these parties as the "Landowners."
[3] The City has owned these approximately twenty-seven acres since 1997.  The property is located south of Otis Avenue SE and west of Cole Street SE in Cedar Rapids.

own authority over neighborhood flood protection and its failure to follow its own procedures for a city-initiated land use amendment, and (4) the requirement for a hearing under Iowa Rule of Civil Procedure 1.1410 in certiorari cases. The neighborhood group also raises these issues and adds that the City decision-makers were materially misinformed by the City's own staff about other options available to Cargill. They assert those other options would have avoided the loss of the nature reserve area.

## I.     The Legal Proceedings.

After attempts to change the course of the City, on December 16, 2019, Hoggs petitioned for a writ of certiorari to set aside the approval of the amended future land use map (FLUM) that allowed the Cargill project to proceed. Then on December 20, 2019, Hoggs filed another writ of certiorari challenging the ordinance to rezone the Property. For appellate purposes, the cases are consolidated.

The basis of these filings related to the City's action in allowing "an industrial rail yard to be constructed on a 27-acre city-owned parcel in the 2008 floodplain long used as green space and currently used as a state-funded 'Prairie Pollinator Zone' in the 'Sac and Fox Natureway.'" Once the writs were filed, Cargill intervened in these proceedings. Also intervening in the actions were the Prairie Park Corridor, Inc., and six landowners (collectively, "Prairie Park") in the area. The Landowners requested an oral hearing to address each writ. All parties filed briefs in the district court and submitted voluminous exhibits. Without a hearing, the district court annulled the writs of certiorari in two separate orders. The district court found both the FLUM and the rezoning decisions were supported by

substantial evidence and the Landowers did not overcome the strong presumption of legality. Also, the court reasoned that the Landowners failed to prove the City acted unreasonably, arbitrarily, or capriciously. Finally, the district court found the reasonableness of the land use changes were fairly debatable so that the court could not substitute its judgment over the City's. Multiple motions to amend, enlarge, and reconsider followed. All Landowner motions were denied without hearing. Hoggs and Prairie Park appeal.

## II.      Standard of Review.

Certiorari is a procedure to test whether a lower board, tribunal, or court exceeded its proper jurisdiction or otherwise acted illegally. *State Pub. Def. v. Iowa Dist. Ct.*, 886 N.W.2d 595, 598 (Iowa 2016). Our review is for errors at law. *Id.* When reviewing for correction of errors at law, we are bound by "the district court's well-supported factual findings" but not its legal conclusions. *State Pub. Def. v. Iowa Dist. Ct.*, 745 N.W.2d 738, 739 (Iowa 2008) (citation omitted). "Illegality exists when the court's findings lack substantial evidentiary support or when the court has not properly applied the law." *Id.* "Evidence is substantial when 'a reasonable mind would accept it as adequate to reach a conclusion.'" *Perkins v. Bd. of Supervisors*, 636 N.W.2d 58, 64 (Iowa 2001) (quoting *Hasselman v. Hasselman,* 596 N.W.2d 541, 545 (Iowa 1999)). "If a district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board." *Helmke v. Bd. of Adjustment,* 418 N.W.2d 346, 347 (Iowa 1988) (citation omitted).

As for the application of the rules of civil procedure, we note that "rules have the force and effect of statutes." *Fisher v. Davis*, 601 N.W.2d 54, 60 (Iowa 1999).

With that in mind, "we interpret rules in the same manner we interpret statutes." *Id.* Because the issue is one of interpretation, our review is for correction of errors at law. *See State v. Azneer*, 526 N.W.2d 298, 299 (Iowa 1995) (reviewing statutory construction matters for corrections of errors at law).

### III. Analysis.

Because we resolve this stage of the proceedings under procedural considerations, we do not reach the Landowners' substantive issues at this time. Instead, we remand for the district court to hold the hearing required under Iowa Rule of Civil Procedure 1.1410. Here is our reasoning.

Before proceeding to the merits, the procedural concern of the Landowners needed resolution. To review, the procedural rule controlling our approach to resolve a petition for writ of certiorari states:

> When full return has been made, the court *shall* fix a time and place for hearing. In addition to the record made by the return, the court *may* receive any transcript or recording of the original proceeding and such other oral or written evidence explaining the matters contained in the return. Unless otherwise specially provided by statute, such transcript, recording, or additional evidence shall be considered only to determine the legality of the proceedings or the sufficiency of the evidence before the original tribunal, board, officer, or magistrate.

Iowa R. Civ. P. 1.1410 (emphasis added). The Landowners say "shall" means a hearing was required to be set by the district court on their claims against the City. The district court declined the Landowners' requests for a hearing on each of the writs. Instead, the district court said, "[I]t is routine practice of the Sixth Judicial District to rule without oral hearing when the Court has been fully briefed on the issues presented." But, the Iowa Rules of Civil Procedure are not aspirational, they are the rules and they take precedence over any district's local rules. *See*

Iowa R. Civ. P. 1.101 ("The rules in this chapter shall govern the practice and procedure in all courts of the state, except where they expressly provide otherwise or statutes not affected hereby provide different procedure in particular courts or cases."); *see also* Iowa R. Civ. P. 1.1806 ("Each district court, by action of a majority of its district judges, may from time to time make and amend rules governing its practice and administration *not inconsistent with these rules*." (emphasis added)).  So it follows that if the rules governing all courts require a hearing, a hearing shall be held in all judicial districts of Iowa.  Even so, the City and Cargill ask if the hearing was "mandatory."

As further backdrop, the district court noted that because the issue was "fully briefed," a hearing was not necessary.  And, the City and Cargill maintain that the Landowners are not prejudiced by the lack of a hearing because of the voluminous record and extensive briefing already provided to the district court, operating in an appellate capacity.  They argue a hearing would be a waste of judicial resources.  In its oral argument, Cargill also championed the idea that because the Landowners got appellate oral argument, their opportunity for a "hearing" was satisfied.  With the limited time afforded in appellate oral argument, we do not consider a hearing on the merits to be on equal footing with the targeted discussions had in front of our court.

At the oral arguments, Cargill cited *Wieslander v. Iowa Department of Transportation* as additional authority supporting the district court's denial of a hearing on the writs.  596 N.W.2d 516 (Iowa 1999).  *Wieslander* involved an appeal from an administrative agency, the Iowa Department of Transportation (DOT).  *Id.* at 519.  The DOT revoked a woman's drivers' license after she was caught drunk

driving. *Id.* Simultaneously, she faced criminal charges. *Id.* In her criminal case, the court sustained her motion to suppress evidence from the breathalyzer. *Id.* At this point, she filed to reopen the revocation hearing based on the criminal finding. *Id.* However, the law had recently changed and affected whether reopening the DOT action was possible. *Id.* The court applied the amendment to the law retroactively and denied her petition to reopen the DOT action. *Id.* Wieslander filed a motion to appeal under then Iowa Rule of Civil Procedure 179(b) (now rule 1.904). *Id.* The district court determined that it neither needed to have a hearing nor accept briefs because there was a single legal issue to consider. *Id.* at 520. Noting that the district court acted out of turn in this "procedural irregularity," the supreme court found the error was rectified because the issues were fully addressed on appeal and in oral argument and Wieslander made no request to supplement the record, so she was not prejudiced. *Id.* But *Wieslander* referenced *Kernodle v. Commissioner of Insurance*, 331 N.W.2d 132, 135 (Iowa 1983), which also involved a review from an administrative agency. In *Kernodle*, there was no opportunity for an oral or written submission, and the *Kernodle* court remanded the case, stating:

> Rule 333(b), Iowa Rules of Civil Procedure [now rule 1.1603] provides that in proceedings for judicial review of agency action in a contested case: "Upon request of any party the reviewing court shall, or upon its own motion may, establish a schedule for the conduct of the proceeding." In reconciling the provisions of this rule with the language in section 17A.19(7) which refers to "the date set for hearing," we conclude that in the review of contested cases a hearing must be held for submission of the issues for decision unless an alternative means of submission on written arguments is established by the court under rule 333(b). The district court's failure to provide for either of these modes of submission in the present case requires reversal of its judgment.

331 N.W.2d at 135 (noting the language in the rule "suggests some type of hearing will be accorded the parties in reviewing agency action in contested cases"). Neither *Wieslander* nor *Kernodle* dealt with the same "shall" language in play here.[4]  Plus "certiorari rules are different from the laws applicable to state administrative appeals." *Jensen v. City Council of Cambridge*, No. 09-0697, 2010 WL 2383778, at *3 (Iowa Ct. App. June 16, 2010) (Mansfield, J., concurring specially).

Likewise, rule 1.1410 uses both "shall" and "may."  The use of "may" in the rule has afforded the district court "discretion" to receive evidence at a certiorari proceeding.  *Fisher v. Chickasaw Cnty.*, 553 N.W.2d 331, 334 (Iowa 1996).  So conversely, it would seem use of "shall" in the rule does not allow discretion. *Kopecky v. Iowa Racing & Gaming Comm'n*, 891 N.W.2d 439, 444 (Iowa 2017) (noting that when the words "may" and "shall" are in close proximity in a statute, "the intent of the legislature could not have been for 'may' to mean the same thing

---

[4] Iowa Code section 17A.19(7) provides in part:

> In proceedings for judicial review of agency action a court *may* hear and consider such evidence as it deems appropriate.  In proceedings for judicial review of agency action in a contested case, however, a court shall not itself hear any further evidence with respect to those issues of fact whose determination was entrusted by the Constitution or a statute to the agency in that contested case proceeding.  *Before the date set for hearing* a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case.  If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.

(Emphasis added.)

as 'shall'"). Court rules are subject to rules of statutory construction. *See Comm. on Pro. Ethics v. Shaffer,* 230 N.W.2d 1, 2 (Iowa 1975).

Returning to the mandatory/directory dilemma, Cargill and the City also urge the provisions of rule 1.1410 are directory, not mandatory, and unless the Landowners show prejudice, they are not now entitled to a hearing. *See Taylor v. Dep't of Transp.,* 260 N.W.2d 521, 523 (Iowa 1977) (providing that directory provisions fix "the time, form and mode of proceeding of public functionaries . . . because they are not of the essence of the thing to be done but are designed to secure system, uniformity, and dispatch in public business. Such statutes direct the thing to be done at a particular time but do not prohibit it from being done later when the rights of interested persons are not injuriously affected by the delay"). The difference between mandatory and directory statutes is in the consequences of failing to perform the duty which is imposed. *Id.* at 522–23 (holding that while Taylor received of a hearing outside of the statutory timeframe, the delay would not invalidate subsequent proceedings unless prejudice was shown because the statute about the timing of the hearing was directory). "The failure to perform a mandatory duty will invalidate subsequent proceedings, while the failure to perform a directory duty will not invalidate the subsequent proceedings unless prejudice is shown." *$99 Down Payment, Inc. v. Garard,* 592 N.W.2d 691, 694 (Iowa 1999) (remanding the case after the court violated its duty and proceeded sua sponte to deny the arbitration award in contradiction to the statutory language mandating that the district court "shall confirm" the arbitration award).

Thus, the core inquiry of the mandatory/directory analysis is if the failure to exercise the duty "destroy[s] a right or sacrifice[s] a benefit to the public or

individual." *Willett v. Cerro Gordo Cnty. Zoning Bd.*, 490 N.W.2d 556, 560 (Iowa 1992) (finding the "must" requirement to obtain governmental permits before submitting the special use application was directory as no prejudice occurred because property owner was required to submit the permits prior to commencing the operation); *see also Wisdom v. Bd. of Supervisors*, 19 N.W.2d 602, 607–08 (1945) (finding that when "shall" appears and "is not addressed to public officials and no right is destroyed by giving it a directory meaning, it will be so construed"). And we have considered a sentencing court to be in the category of a public official when applying "the uniform rule . . . that the word 'shall,' when addressed to public officials, is mandatory and excludes the idea of discretion." *State v. Klawonn*, 609 N.W.2d 515, 522 (Iowa 2000) (citation omitted) (finding the word "shall" in Iowa Code section 910.3B created a duty on the sentencing court to impose restitution).

Yet, in agency cases defining the scope of the duty, the focus is whether the failure to perform the required duty is essential to the process. *See, e.g.*, *Tyler v. Iowa Dep't of Transp.*, 420 N.W.2d 442, 443 (Iowa 1988) (finding requirement in section 321J.9 that an officer provide a "sworn report" a driver had refused to submit to testing was directory because the affirmation of the report before a notary was not essential to the purpose of the statute); *Downing v. Iowa Dep't of Transp.*, 415 N.W.2d 625, 628 (Iowa 1987) (holding section 321B.13, providing an officer "shall" issue a temporary license, was directory because the duty was not essential to the main purpose of the statute, which was to promote public safety); *McFee v. Iowa Dep't of Transp.*, 400 N.W.2d 578, 581 (Iowa 1987) (holding a delay in administrative proceedings without showing of actual prejudice will not mandate reversal of final agency action); *Pietig v. Iowa Dep't of Transp.*, 385 N.W.2d 251,

253 (Iowa 1986) (requirement to "forthwith" revoke license under section 321.209 is directory only, so licensee could not avoid revocation absent showing of prejudice); *Taylor*, 260 N.W.2d at 523 (finding that because the legislative goal could still be attained when hearings are late, the hearing time provision is directory).

But this requirement for a hearing is more like the situation in *Didonato v. Iowa Department of Transportation*, 456 N.W.2d 367, 370 (Iowa 1990), where the court noted the purpose of the statute was to provide an opportunity to consult with counsel or a family member after an arrest which made the provision that an officer "shall permit that [detained] person . . . to call" mandatory. Here, the Landowners lost the right to a hearing on the merits of the writ. It is not that the right to a hearing is to be done at a particular time and then was set at a later date; here, it is a complete denial of the right to a hearing.

To better understand, we look for guidance in cases involving rules where the language "hearing shall be held" is discussed. More recently, estate cases have faced this question with Iowa Court Rule 7.2(3), which requires a hearing to request an allowance for extraordinary expenses. In *Uhlenhake v. Uhlenhake*, a party sought extraordinary expense allowances. No. 13-1734, 2014 WL 5862043, at *12 (Iowa Ct. App. Nov. 13, 2014). Iowa Court Rule 7.2(3) states:

> When an allowance for extraordinary expenses or services is sought . . . [t]he request may be made in the final report or by separate application. It *shall* be set for hearing upon reasonable notice, specifying the amounts claimed, unless waivers of notice identifying the amounts claimed are filed by all interested persons.

(Emphasis added.) The district court failed to set a hearing on the issue and just approved the expenses. *Uhlenhake*, 2014 WL 5862043, at *12. On appeal from

the order allowing the expenses, the *Uhlenhake* court remanded for a review of the application and to require specific findings. *Id.* ("But because the objectors asked for and were entitled to a hearing on the application, we reverse the court's attorney fee award and remand for a hearing on the application."). In 2004, the court of appeals again interpreted this rule in *In re Estate of Schuster*, No. 03-2067, 2004 WL 2579231, at *3 (Iowa Ct. App. Nov. 15, 2004). There, the party's attorneys had not originally requested a hearing to address their fees. *Schuster*, 2004 WL 2579231, at *3. When they eventually did, the district court said that the motion raised "no matters not taken into account in the original determination." *Id.* On appeal, the court stated that even though the party had not originally requested a hearing, they were procedurally entitled to one. *Id.* ("[W]e cannot say that even with consents an attorney should be precluded from presenting his evidence to the court if the court is opposed to granting the fee application."). The court ultimately remanded to the district court for an evidentiary hearing. *Id.*

The process is important. After a writ is issued, a return is made by the defendant setting forth that party's position. Iowa R. Civ. P. 1.1408. In a certiorari proceeding challenging a zoning decision, the return contains certified or sworn copies of the documents acted upon by the board and "such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified." Iowa Code § 414.17. Then, the rules further provide, "When full return has been made, the court *shall* fix a time and place for hearing." Iowa R. Civ. P. 1.1410 (emphasis added). The rule allows parties to offer other oral or written evidence at the time of the hearing, along with transcripts or recordings of the city proceedings. *See also Geisler v. City Council,* 769 N.W.2d 162, 169 (Iowa 2009)

(noting the court has the ability to take additional evidence at a hearing). Here, the Landowners specifically requested an oral hearing in their petitions for writs of certiorari. In their words, "[a]n oral hearing would have been helpful to resolve the factual and legal issues raised previously in this motion."

The district court found a hearing unnecessary. But the rule does not make the duty[5] to set a hearing optional. *See Riley v. Bd. of Trs. of Policemen's Pension Fund*, 222 N.W. 403, 405 (1928) ("The procedure upon a trial of a certiorari proceeding . . . provides that, when full return of the writ has been made, the court *must* proceed to hear the parties upon the record, proceedings, and facts as certified, and *such other testimony, oral or written, as either party may introduce.*"). Noting that the current rule language is stronger than in *Riley*, Landowners assert they are entitled to "a full and complete hearing before a proper court of record and according to accepted judicial method of ascertaining facts." *See Residential & Agric. Advisory Comm., LLC v. Dyersville City Council*, No. 13-0015, 2013 WL 5951191, at *6 (Iowa Ct. App. Nov. 6, 2013) (citation omitted).

We are sensitive to the nature of these proceedings and their importance to the citizens of Iowa. *See Baker v. Bd. of Adjustment*, 671 N.W.2d 405, 413 (Iowa 2003), *as amended on denial of reh'g* (Nov. 25, 2003) ("Questions likely to arise in such cases are of such great importance that the Legislature appears to have had in mind that the parties should, on the question of the legality of the board's action, be entitled to a full and complete hearing before a proper court of record and

---

[5] "[T]he Iowa Rules of Civil Procedure have the force and effect of statute." *Johnson v. Iowa State Highway Comm'n*, 134 N.W.2d 916, 917 (Iowa 1965); *see also* Iowa Code § 4.1(30)(a) ("The word 'shall' imposes a duty."), (b) ("The word 'must' states a requirement.").

according to accepted judicial method of ascertaining facts."). Even so, pointing to the extensive written record submitted, the City and Cargill posit that the petitioners suffered no prejudice by the failure to have a hearing and, even if a hearing were held, the result would be the same. While that prophecy may be true, we find the process must guide the result, not fall to the result guiding the process. Thus, we remand to the district court for a hearing on the writs as required under Iowa Rule of Civil Procedure 1.1410.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**