# IN THE COURT OF APPEALS OF IOWA

No. 21-1888
Filed July 20, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALPHONZE THEOPHILUS EMANUEL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

        Alphonze Emanuel appeals the sentencing court's imposition of two statutory surcharges that were repealed after his original sentencing but prior to his resentencing. **REVERSED AND REMANDED.**

        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., Tabor, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VAITHESWARAN, Presiding Judge.**

Alphonze Emanuel was convicted of possession of methamphetamine with intent to deliver and other crimes. The district court sentenced him and included a law-enforcement-initiative (LEI) surcharge and a drug-abuse-resistance-education (D.A.R.E.) surcharge. On direct appeal, the court of appeals concluded "the record before us offers no indication that Emanuel knew of his continuing right to in-person sentencing, and his waiver of the same was therefore invalid." *See State v. Emanuel*, 967 N.W.2d 63, 69 (Iowa Ct. App. 2021). The court vacated his sentence and remanded the case for a new sentencing hearing. *Id.*

Meanwhile, the legislature repealed the statutory provisions authorizing the two surcharges. *See* 2020 Iowa Acts ch. 1074, § 22 (repealing Iowa Code §§ 911.2, .3). The repeal took effect while the direct appeal was pending and before the new sentencing hearing. Following that hearing, the district court again ordered Emanuel to pay "a $125 [LEI] surcharge" and "a $10 D.A.R.E. surcharge."[1]

On appeal from the new sentencing order, Emanuel contends the district court "impose[d] an illegal or void sentence" in ordering him "to pay [LEI] and [D.A.R.E.] surcharges on each of his offenses." *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001) ("[T]o be 'illegal,' . . . the sentence must be one not authorized by statute."); *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) (stating "[a]n illegal sentence is void" and "can be corrected at any time"). In his view, "the

---

[1] The court verbally imposed the surcharges. Although the court's written order of disposition does not reflect the surcharges, both sides agree the verbal order is controlling. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995).

[original] sentence was never lawfully imposed" and, for that reason, the district court on remand should have applied the statute repealing the surcharges.

Both Emanuel and the State discuss our "savings statute." *See* Iowa Code § 4.13 (2019). The statute contains several savings clauses. *See id.* § 4.13(1)(a)–(d). The statute also contains an "ameliorative amendment clause," which is "intended to give a defendant who ha[s] not yet been sentenced the benefit of a reduced punishment enacted after the commission of the offense." *See id.* § 4.13(2); *State v. Chrisman*, 514 N.W.2d 57, 61, 62 (Iowa 1994).[2] Two principles "generally apply to each savings clause." *Wieslander v Iowa Dep't of Transp.*, 596 N.W.2d 516, 524 (Iowa 1999). "First, the provisions save those rights or privileges acquired, accrued, or accorded under the repealed statute before the repeal." *Id.* Second, the savings clauses "preserve those proceedings actually pending pursuant to the repealed statute at the time of the repeal and those remedies and post-repeal proceedings which could have been sustained at the time of the repeal." *Id.*

Emanuel argues section 4.13(1)(c), a clause that seemingly supports application of the pre-repeal statutes, in fact does not. That clause states, "The reenactment, revision, amendment, *or repeal* of a statute does not affect . . . [a]ny violation of the statute or penalty, forfeiture, or punishment *incurred* in respect to the statute*, prior to the* amendment or *repeal*." (Emphasis added.) Emanuel points out that because his original sentence was voided, it was not "incurred" within the meaning of section 4.13(1)(c), precluding application of this savings clause.

---

[2] Both sides address the effect of section 4.13(2). We find it unnecessary to discuss that clause.

The State does not dispute Emanuel's interpretation and application of section 4.13(1)(c). Instead, the State relies on a different savings clause—Iowa Code section 4.13(1)(d), which states the repeal of a statute does not affect: "Any investigation, proceeding, or remedy in respect of any privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended." In *Wieslander*, the court declined to apply this savings clause because the appellant "had no pending action under section [4.13(1)(d)] at the time of the repeal, and our savings clauses cannot apply to save what was not in existence." 596 N.W.2d at 525. The court similarly declined to apply the provision in *Iowa District Court for Scott County*, reasoning the defendants "had no remedy 'with respect to any privilege' within the meaning of section 4.13[(1)(d)]" and "[c]onsequently, that statute [could not] save the purported 'remedy.'" 587 N.W.2d 781, 785 (Iowa 1998).

The procedural posture in this case is slightly different; Emanuel's appeal of the original sentencing order containing the surcharges was pending on the effective date of the statute repealing the surcharges. But that sentencing order was later voided, leaving no "post-repeal proceeding[]" to preserve. *See Wieslander*, 596 N.W.2d at 524–25. On remand, the district court had to begin anew, without the statutes authorizing the LEI and D.A.R.E. surcharges. *See State v. Louisell*, 865 N.W.2d 590, 605–06 (Iowa 2015) (Mansfield, J. concurring in part and dissenting in part) ("If [the defendant's] existing sentence is invalid and she must be resentenced, the resentencing should take place under [current]

legislation.").  In the absence of those statutes, imposition of the surcharges was illegal.

We reverse that portion of the new sentencing order imposing the LEI and D.A.R.E. surcharges and remand for entry of an order of disposition clarifying that those charges are not a part of the sentence.

**REVERSED AND REMANDED.**