# IN THE SUPREME COURT OF IOWA

No. 144 / 06–0443

Filed March 7, 2008

**STATE PUBLIC DEFENDER**,

      Plaintiff,

vs.

**IOWA DISTRICT COURT FOR CLARKE COUNTY**,

      Defendant.

---

Certiorari to the Iowa District Court for Clarke County, Gary G. Kimes, Judge.

Certiorari action challenges order by district court granting fees to court-appointed attorney in excess of amount allowed by contract. **WRIT SUSTAINED.**

Thomas G. Becker, State Public Defender, and Mark C. Smith, First Assistant State Public Defender, for plaintiff.

Scott L. Bandstra, Des Moines, for defendant.

**LARSON**, **Justice**.

The Clarke County District Court allowed attorney fees that exceeded an existing legal services contract between attorney Scott Bandstra and the state public defender. The public defender petitioned for certiorari, and we issued the writ. We conclude the district court exceeded its authority in granting fees beyond the amount provided for in the contract and therefore sustain the writ.

### I. Facts and Prior Proceedings.

Attorney Bandstra's attorney-fee claim was based on his representation of Martin Moon in Moon's appeal from an order in a postconviction-relief case. Bandstra had a contract with the public defender under which his fee was limited to $1500–$1000 payable on the filing of the proof brief and $500 on the filing of his final brief. Because of the complexity of the case, Bandstra moved to exceed the contract amount. The court granted Bandstra's motion, subject to review for reasonableness. The public defender, however, denied that portion of Bandstra's fee claim in excess of the contractual fee limitation. On review, the court acknowledged the existence of the contract terms, but ordered the public defender to pay Bandstra's entire fee claim, based on the court's "plenary powers to exercise justice among the parties." The public defender's petition for certiorari asserted that Bandstra's rights under his contract were exclusive, and the court lacked authority to award the relief requested.

### II. Principles of Review.

In a certiorari case, the district court's ruling is reviewed for correction of errors at law. *State Pub. Defender v. Iowa Dist. Ct.*, 731 N.W.2d 680, 683 (Iowa 2007). Certiorari lies when a lower board, tribunal, or court has exceeded its jurisdiction or otherwise acted

illegally. Illegality exists when a court's findings lack substantial evidentiary support or when the court has not properly applied the law. *State Pub. Defender v. Iowa Dist. Ct.*, 721 N.W.2d 570, 572 (Iowa 2006). On our review, "[a]lthough the district court's well-supported factual findings are binding upon this court, its legal conclusions are not." *State Pub. Defender v. Iowa Dist. Ct.*, 663 N.W.2d 413, 415 (Iowa 2003).

Compensation for court-appointed attorneys is governed by Iowa Code chapters 13B and 815 and Iowa Administrative Code chapter 493. Section 13B.4(3) allows the public defender to contract with attorneys for the provision of legal services to indigent persons. *See also* Iowa Admin. Code r. 493—11. The public defender is authorized to review all claims for payment of indigent-defense costs and may deny such a claim if, among other things, the claim "is not payable under the contract between the claimant and the state public defender." Iowa Code § 13B.4(4)(*c*)(2)(c).

Compensation for attorneys under contract with the public defender is governed by the rules adopted by the public defender. Iowa Admin. Code r. 493—11.5(6) ("Unless the contract provides for a different rate or manner of payment, the attorney shall be compensated as set forth in . . . rule 493—12.5(13B, 815) for appellate work."). The public defender established fee limitations for particular categories of cases pursuant to section 13B.4(4)(*a*). The fee limitation for appellate contracts was, at the time of the present case, $1500.[1] Iowa Admin. Code r. 493—12.5.

---

[1]Rule 493—12.5 has since been amended to limit fee claims in appellate cases to $1750.

A fee claimant may seek additional compensation in two ways. Administrative rule 493—12.6 provides for exceeding fee limitations by an application to the district court under rule 493—12.6(4).

> A claim in excess of the fee limitations will not be paid unless the attorney seeks and obtains authorization from the appointing court to exceed the fee limitations prior to exceeding the fee limitations. If authorization is granted, payment in excess of the fee limitations shall be made only for services performed after the date of submission of the request for authorization.

The substance of this rule is the authority on which Bandstra apparently relied in this case, although he does not cite the rule by number. Bandstra seems to argue that the public defender is bound by the district court's order granting Bandstra's motion to exceed. The problem is that the procedure under rule 493—12.6(4) is expressly made inapplicable to this case by rule 493—12.5(5), which provides: "The fee limitations and procedures provided in rule 493—12.6 . . . have no application to appellate contracts." This method of increasing the fee allowance, therefore, was not available to Bandstra.

A lawyer operating under a contract with the public defender may, however, request that the public defender allow a claim exceeding the contract in a case that is "unusually complicated." Iowa Admin. Code r. 493—12.5(4). Whether a case is unusually complicated is determined by the public defender based on the information provided by the attorney "showing that the case is highly exceptional and complex from a legal or factual perspective." *Id.* An attorney unsuccessfully attempting to exceed the fees in this manner "may seek review of the state public defender's action." *Id.* Court review in such a case, however, is closely circumscribed. The public defender's action may successfully be challenged only if it "conflicts with an administrative rule or the law."

5

Iowa Code § 13B.4(4)(*d*)(5). In this case, Bandstra did not follow the statutory procedure by initially seeking approval to exceed the contract limitations from the state public defender.

The contract amount is binding in this case because Bandstra failed to exhaust his administrative remedies by asking the public defender to increase the fees provided by his contract, as provided by rule 493—12.5(4). Further, the procedure under rule 493—12.6 allowing a direct application to the district court to exceed fee limits is inapplicable to Bandstra's case because he was operating under an appellate fee contract. The district court's action in approving the fee exceeding the contract limitation was therefore invalid.

**WRIT SUSTAINED.**