# IN THE COURT OF APPEALS OF IOWA

No. 13-1136
Filed September 17, 2014

**IN RE THE MARRIAGE OF JACOB BAYERS
AND ANGELA BAYERS**

**Upon the Petition of
JACOB BAYERS,**
        Petitioner-Appellant,

**And Concerning
ANGELA BAYERS, n/k/a ANGELA
PORTUGUE,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


        Following a hearing in which the court held the mother in contempt on one

but not all grounds, the father seeks an order for mittimus and a ruling holding

the mother in contempt on the other grounds.  **WRIT ANNULLED IN PART,**

**GRANTED IN PART, AND REMANDED**.


        Patricia E. Zamora of Cartee Law Firm, P.C., Davenport, for appellant.

        Angela Portugue, Davenport, pro se appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Following a hearing in which the court held Angela Bayers (n/k/a Angela Portugue) in contempt for failing to pay child support, Jacob Bayers challenges the punishment imposed, seeking an order imposing mittimus. He also appeals the court's ruling declining to find Angela in contempt for her failure to take the children to extra-curricular activities and her failure to follow the visitation provisions of the dissolution decree. We consider Jacob's appeal of contempt as a writ of certiorari. We find the court did not abuse its discretion in the punishment imposed and we find no abuse of discretion in the court's decision declining to hold Angela in contempt concerning the extra-curricular activities. However, because we conclude the court abused its discretion in declining to hold Angela in contempt regarding visitation, we annul the writ in part, grant the writ in part, and remand.

## I. BACKGROUND FACTS AND PROCEEDINGS

The district court entered the parties' decree of dissolution of marriage on August 10, 2006. Three children were born during the marriage, and the decree provided for joint physical care and joint legal custody of the three minor children. The court modified the decree on August 30, 2010, maintaining joint legal custody while granting Jacob physical care. The modified decree allowed Angela to visit the children only while supervised by Debra Burke (Angela's mother), at Debra's home in Eldrige, Iowa.[1] The decree also required Angela to ensure the

---

[1] The modified decree set Angela's visitation for Tuesday and Thursday evenings from 5:00 p.m. to 8:00 p.m., and every other weekend from 6:00 p.m. on Friday to 8:00 p.m. on Sunday.

children attended their extracurricular activities occurring during her visitation[2] and Angela was ordered to pay child support in the amount of $150 per month beginning September 1, 2010.

On September 28, 2011, the district court ruled on Jacob's first motion to terminate visitation, his application for rule to show cause, and Angela's motion to modify visitation. The court denied both motions to modify visitation. In resolving Jacob's application for rule to show cause, the court found Angela in contempt for her failure to abide by the terms of the modified decree. Specifically, the court recognized Angela's failure to exercise supervised visitation at Debra's home, her failure to ensure the children attended their extracurricular activities, and her failure to pay child support. The court punished Angela by ordering her to serve thirty days[3] in the county jail, which the court suspended for one year to allow Angela to purge her contempt by complying with the court's order.

The present controversy involves the court's July 3, 2013 ruling on Jacob's motions for temporary and permanent modification of visitation, his second application for rule to show cause, and Angela's counter-motion for temporary and permanent modification of visitation. Both parties presented testimony in support of their requests to modify the visitation arrangements of the September 28, 2011 court order. While Angela presented general testimony

---

[2] Although not raised herein, the decree banned contact between the children and Seth Johnson.

[3] Angela received fifteen days in jail for her failure to exercise visitation at Debra's house, such punishment to be served concurrently with a punishment of fifteen days for failure to ensure the children attended their extracurricular activities. She also received a consecutive punishment of fifteen days in jail for her failure to timely pay child support.

about the stability of her life since the previous order, additional testimony revealed Angela and her current husband had an argument which caused Angela and the children to feel so threatened they temporarily left their home. Angela did not present any other evidence to support her request to modify the visitation schedule.

Jacob raised the issue of Angela's failure to bring the children to their extracurricular activities, on which the parties presented conflicting evidence. Angela asserted the children were not interested in some of the extracurricular activities and she only brought the children to activities they found interesting. She also complained she felt like a babysitter while she waited for the children at the activity and was upset the activities took away from her visitation with the children. Jacob testified he attended his children's events, on occasion, and the children were not present. He believes Angela's actions are detrimental to the children.

Jacob also claimed Angela violated the court's order by failing to pay child support and by conducting visitation outside Debra's home. At the time of the June 13, 2013 hearing, the certified payment record showed Angela was $103.85 in arrears after applying her tax refund to the deficit. The Child Support Recovery Unit had earlier captured Angela's refund but had to wait several months to determine if her current husband would file an innocent spouse claim for a portion of the refund. The record showed Angela's last child support payment was made on May 17, 2012. Angela's previous employer laid her off on May 6, 2012. She regained employment in November 2012, and resumed

making support payments. Angela did not make child support payments during her period of unemployment, though she received unemployment benefits.

Also, Angela stopped having visitation at Debra's house on February 28, 2013, when Debra moved from Eldridge, Iowa to Donahue, Iowa. Angela stated the additional travel time created a hardship for her due to her unreliable transportation. Angela testified she alerted Jacob to the change in visitation by a text message and Jacob did not respond to the message. Debra testified she supervised the visitations at Angela's house, but did not stay at Angela's house in the evenings. Angela asserted Jacob knew Debra was not always present and did not indicate he had any issues with the arrangement.

The parties primarily communicated about visitation through text messages. The messages generally consisted of Angela asking to change visitation times, advising when she could pick up the children for visitation, or requesting more visitation time. In its order, the district court noted its approval of the parties' communications: "The Court finds it is appropriate for the parties to speak about visitation, including requesting more time with their children."

After the hearing, the court denied both parties' requests for modification of the visitation arrangement and partially granted Jacob's application for rule to show cause. As to modification, the court stated: "Both petitioner and respondent have failed to provide evidence to support there has been a material and substantial change of circumstances at this point." Regarding Angela's failure to pay child support, the court held Angela "failed to minimally meet her financial obligation to her children while receiving unemployment benefits." The

court found Angela in contempt and ordered her to serve ten days in the county jail; the sentence could be purged if she became current on her support obligations within two months. The court declined to find Angela in contempt for failing to take the children to their extracurricular activities and Angela's failure to have her mother supervise her visits.

Jacob now appeals. Jacob challenges the district court's punishment for contempt, allowing Angela to become current on her past due child support payments rather than serve jail time. Jacob also challenges the court's decision not to find Angela in contempt for her failure to bring the children to their extracurricular activities and her failure to have Debra supervise the visits.

## II.      STANDARD OF REVIEW

"No appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari." Iowa Code § 665.11 (2011). When a party files a notice of appeal instead of a writ of certiorari, "the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." Iowa R. App. P. 6.108. Therefore, to the extent that this appeal challenges the propriety of the punishment imposed for Angela's contempt, we treat it as a petition for certiorari, and our review is for correction of errors at law. *See State v. Keutla*, 798 N.W.2d 731, 732–33 (Iowa 2011). Relief through certiorari is appropriate if the district court has exceeded its jurisdiction or acted illegally. *State Pub. Defender v. Iowa Dist. Ct.*, 745 N.W.2d 738, 739 (Iowa 2008). A penalty for contempt based on disobedience of orders in dissolution cases is governed by Iowa Code section

598.23. *Skinner v. Ruigh*, 351 N.W.2d 182, 184 (Iowa 1984). We grant lower courts wide discretion in the matter of setting the punishment for contempt. *Newby v. Iowa Dist. Court*, 147 N.W.2d 886, 894–95 (Iowa 1967). We will interfere only where that discretion has been clearly abused. *Id.* A court abuses its discretion if its decision rests on grounds that are unreasonable or untenable, clearly against logic, or founded on erroneous conclusions. *Glenn v. Farmland Foods, Inc.*, 344 N.W.2d 240, 243 (Iowa 1984).

Where the court decides not to hold a party in contempt, we review for an abuse of discretion. *In re Marriage Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (noting the statute at issue in contempt proceedings, Iowa Code section 598.23(1) (2013), takes a permissive approach). "[T]he trial court may consider all the circumstances, not just whether a willful violation of a court order has been shown, in deciding whether to impose punishment for contempt in a particular case." *Id.* Unless the district court "grossly" abused its discretion, the court's decision will be upheld. *Id.* (citation omitted).

In summary, we review the district court's decision on punishment, suspending Angela's jail sentence, for an abuse of discretion. We review the court's decision not to hold Angela in contempt for her actions of changing the location of the visitation and of failing to take the children to extracurricular activities for an abuse of discretion.

## III.    DISCUSSION

### A.    Angela's Contemptuous Failure to Pay Child Support

Jacob claims the district court should have imposed the previously suspended, fifteen-day jail term for Angela's contemptuous failure to pay child support. Jacob takes issue with the fact that Angela's past due child support payments were satisfied by her tax refund, rather than by Angela making voluntary payments. The Child Support Recovery Unit held Angela's refund for five months before Jacob received back support. While acknowledging the payment of Angela's refund toward the past due child support payments, the district court nevertheless found Angela in contempt for the $103.85 remaining unpaid and ordered her to serve ten days in the county jail. The court stayed the jail term upon Angela's timely payment of the past due amount.

We review the court's punishment for an abuse of discretion. *Newby*, 147 N.W.2d at 894–95. Here, Angela testified her previous employment ended when her workplace closed in May 2012, and she did not regain employment until November 2012. She also stated she received unemployment payments totaling eighty-six dollars per week. Angela made some child support payments during this period, but did not keep current with her $150 per month obligation. Angela admitted she knew of her monthly support obligation, did not prioritize the payments, and fell behind. Before the application of her tax refund to the deficit, Angela owed $2109 in past due child support.

The district court held Angela "did wantonly and willfully disregard the court order in regard to payment of child support." The court sympathized with

Angela's loss of employment, but reasoned her loss of employment was not sufficient to excuse her "failure to pay any sums of money during her period of unemployment." We find the district court did not abuse its discretion in the punishment imposed. Accordingly, we annul the writ as to this ground.

**B. The Court's Failure to Hold Angela in Contempt—Extracurricular Activities**

Jacob claims the court erred by not holding Angela in contempt for her willful and wanton failure to take the children to their extracurricular activities during her visitation. Angela testified she brought the children to the activities they wanted to attend, and she did not force the children to attend activities in which they were no longer interested.

We review the district court's ruling for an abuse of discretion. *See Swan*, 526 N.W.2d at 327. Jacob, on the evidence presented, failed to meet his burden of proving Angela willfully and wantonly failed to take the children to their extracurricular activities. Therefore, the district court did not abuse its discretion, and we annul the writ on this ground.

**C. The Court's Failure to Hold Angela in Contempt—Visitation**

Finally, Jacob claims the court erred by not holding Angela in contempt for her unilateral change in the visitation location and supervision requirement. We agree and conclude the district court abused its discretion by failing to hold Angela in contempt on this ground. Jacob notes the decree mandates visitation occur only at Debra's house and in Debra's presence. Angela stopped visitation at Debra's house when Debra moved to a town located a further distance from

Angela's house.  Testimony showed Jacob was aware of the change in location and rather than confront Angela outright and risk harming the children, he sought enforcement of the decree.

The court based its ruling on Jacob's lack of response to Angela's text message concerning visitation.  The court found Jacob's failure to respond to constitute an affirmation of the new arrangement.  The difficulty with this position is Jacob raised this issue in his September 2012 application to show cause which was the proper forum.  The court did not mention this fact as it resolved the issue herein.  Also at issue is Angela's willful violation of the prior court orders mandating visitation occur at Debra's house under Debra's supervision.  The prior court orders, of August 2010 and September 2011 required this.  Here, the court did not properly address those earlier violations.  For these reasons, we find the court abused its discretion in failing to find Angela's actions were not contemptuous.  We grant the writ and find Angela to be in contempt and remand to the district court for imposition of a proper contempt sentence.

**WRIT ANNULLED IN PART, GRANTED IN PART, AND REMANDED.**