**IN THE COURT OF APPEALS OF IOWA**

No. 18-0603
Filed November 6, 2019

**IN RE THE MARRIAGE OF MELINDA SUE RATH
AND KEITH ALLEN RATH**

**Upon the Petition of
MELINDA SUE RATH,**
        Petitioner-Appellee,

**And Concerning
KEITH ALLEN RATH,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Benton County, Patrick R. Grady,

Judge.


        An ex-husband challenges the district court's refusal to hold his former wife

in contempt and the contempt finding against him. **DIRECT APPEAL AFFIRMED;**

**WRIT ANNULLED.**



        Keith A. Rath, Cedar Rapids, self-represented appellant.

        Caitlin L. Slessor of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for

appellee.



        Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge.**

Former spouses—Keith Rath and Melinda Gordon[1]—filed dueling applications for orders to show cause why the other should not be held in contempt for failing to comply with property provisions of their 2016 divorce decree.[2] In a single order, the district court declined to find Melinda in contempt but did find Keith in contempt for failure to comply with the decree "with regard to two parcels of real estate that were marital assets."

Keith filed a notice of appeal from the district court order. That notice was the proper mode of review for the dismissal of his application to punish Melinda for contempt. *See State v. Dist. Ct. for Polk Cty.*, 231 N.W.2d 1, 4 (Iowa 1975) (finding Iowa Code permits appeal from the district court's refusal to find a defendant in contempt but writ of certiorari is the appropriate mode of review from an order to punish a defendant for contempt). But a direct appeal does not lie from the order to punish him for contempt; he must challenge those proceedings by petition for writ of certiorari. *See* Iowa Code § 665.11 (2018); *Dist. Ct. for Polk Cty.*, 231 N.W.2d at 4. When a party mistakenly files a notice of appeal instead of a petition for writ of certiorari, "the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." Iowa R. App. P. 6.108.

Therefore, to the extent this appeal challenges the propriety of the contempt finding against Keith, we treat it as a petition for certiorari and our review is for correction of errors at law. *See State v. Keutla,* 798 N.W.2d 731, 732–33 (Iowa

---

[1]The appellee clarified in her brief that she was formerly known as Melinda Rath.
[2] Our court affirmed the decree over Keith's challenge. *See In re Marriage of Rath*, No. 16-0965, 2017 WL 3077959, at *2 (Iowa Ct. App. July 19, 2017).

2011). Relief through certiorari is appropriate if the district court has exceeded its jurisdiction or acted illegally. *State Pub. Defender v. Iowa Dist. Ct.,* 745 N.W.2d 738, 739 (Iowa 2008).

After a careful review of the record, the parties' briefs, and the applicable law, we conclude the district court's March 4, 2018 ruling (as amended on March 22, 2018) should be affirmed without opinion. *See* Iowa R. App. P. 6.1203(a), (d).

We decline Melinda's request for attorney fees. *See Lane v. Oxberger,* 224 N.W.2d 245, 247 (Iowa 1974). We assess costs on appeal to Keith.

**DIRECT APPEAL AFFIRMED; WRIT ANNULLED.**