# IN THE COURT OF APPEALS OF IOWA

No. 19-0184
Filed September 2, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAY STEVEN GENTHE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, District Associate Judge.


        The defendant appeals from his sentence, including the order nunc pro tunc filed after the initial sentencing order.  We treat his appeal as a petition for certiorari.  **WRIT ANNULLED.**


        Stuart Hoover, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., Ahlers, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**POTTERFIELD, Senior Judge.**

Jay Genthe was charged with operating while under the influence, second offense. Pursuant to a plea agreement, Genthe pled guilty to operating while under the influence, first offense. As part of the agreement, the State and Genthe jointly recommended to the court that Genthe be sentenced to 187 days in jail, with all but 180 to be suspended; that he pay various fines and fees; that certain other charges against him be dismissed; and that he be subjected to twenty-four months informal probation. This joint recommendation was not binding on the district court.

The court accepted Genthe's written guilty plea and entered a written sentencing order. The order was ambiguous as to whether Genthe was being placed on formal or informal probation. Under the "informal probation" section, the form states, "Defendant is placed on probation to the Court with no monitoring requirement." But under the "other" section at the bottom, the order states, "Defendant did not appear for sentencing and the court chose to place the defendant on formal probation."

A couple weeks later, the court sua sponte entered an order nunc pro tunc, in which it stated in part:

> It was at the time and remains the court's intention that defendant report for formal probation supervision to the Department of Correctional Services at 745 Main St., Dubuque, IA. The court believes formal probation supervision is appropriate based on Defendant's criminal record for this type of offense as well as his failure to comply with the court order to obtain a substance abuse evaluation prior to sentencing. Consequently, formal probation supervision is in the interest of protection of the community from further offenses as well as best for rehabilitation of the Defendant while on probation.
> IT IS THEREFORE ORDERED the judgment and sentencing Order of January 15, 2019 is corrected to show that defendant is placed on probation supervision to the First Judicial District

> Department of Correctional Services at 745 Main St., Dubuque, IA..
> Defendant shall report immediately to that office and comply with all
> the terms and conditions of probation set by his probation officer as
> well as the other aspects of the judgment and sentencing order.

Genthe filed his notice of appeal the same day.[1]

Genthe understands the court's second order to show the court reconsidered his sentence. He maintains the court's reconsideration was illegal because it was not done in accordance with Iowa Code section 903.2 (2019).

But the court stated in its order nunc pro tunc that it was clarifying the ambiguity of the first order to ensure the court's intended sentence—to place Genthe on formal probation—was carried out. And courts can use nunc pro tunc orders for such a purpose. *See McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 150–51 (Iowa 1980) ("[O]ur courts have jurisdiction to correct their own judgments by nunc pro tunc order. . . . A nunc pro tunc entry makes the record show now what was actually done then. Its purpose is 'to make the record show truthfully what judgment was actually rendered.'" (citations omitted)). The court may use a "nunc pro tunc order . . . to correct clerical errors"; it "cannot be used to remedy an error in judicial thinking, a judicial conclusion, or a mistake of law." *State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001). That the court was using the order nunc pro tunc for the court's stated purpose—clarifying as opposed to reconsidering the imposed sentence—is supported by the fact that it is apparent from the face of the initial order that clarification was necessary. *See McVay*, 637

---

[1] As Genthe recognizes in his appellate brief, the proper vehicle for his challenge is a petition for writ of certiorari. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 670 N.W.2d 114, 116 (Iowa 2003) ("Certiorari is appropriate when a trial court is alleged to have exceeded its jurisdiction or to have acted illegally."). We treat his appeal as a petition for certiorari and grant the petition. *See* Iowa R. App. P. 6.108.

N.W.2d at 151 (considering "other factors" in determining whether the court used a nunc pro tunc order to correct a clerical error or to change its judgment and providing, "An alleged mistake of a type 'easily made and easily overlooked,' such as an error in name or date, may more readily be found to be an evident mistake than something not easily overlooked, such as a matter called to the attention of the judge at the time of judgment."). Additionally, on the first sentencing order the inclusion of the line, "Defendant is placed on probation to the Court with no monitoring requirement," appears to be a result of leaving the form unedited, while it appears the court specifically added the language in the "other" section that states, "Defendant did not appear for sentencing and the court chose to place the defendant on formal probation." We believe this supports the conclusion it was always the court's intention to place Genthe on formal probation and the order nunc pro tunc was used by the court to achieve that effect.

Because the district court did not err in its use of the order nunc pro tunc,[2] we annul the writ.

**WRIT ANNULLED.**

---

[2] We "review actions at law, including nunc pro tunc orders, for correction of errors at law." *State v. Johnson*, 744 N.W.2d 646648 (Iowa 2008). And "[i]n a certiorari case, the district court's ruling is review for correction of errors at law." *State Pub. Def. v. Iowa Dist. Ct.*, 745 N.W.2d 738, 739 (Iowa 2008).